## IN THE UNITED STATES DISTRICT COURT
## FOR THE  DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELIZABETH CHRISTENSEN on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) )   Case No. 1:13-cv-11357 ) |
| v. | ) ) |
| SUR LA TABLE, INC., | ) ) |
| Defendant. | ) |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION[1]

Plaintiff respectfully moves this Court for an Order certifying this case as a class action pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(2) and 23(b)(3).

1.      Plaintiff brings this action on behalf of herself and all other similarly situated Class members pursuant to Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class against Defendant:

> All persons from whom Sur La Table requested and recorded personal identification information in conjunction with a credit card transaction occurring in Massachusetts (the "Class").

---

[1]  Plaintiff is presently filing this motion in an abundance of caution, given the unsettled state of the law regarding a defendant's ability to "pick off" a class representative, thereby potentially mooting the
    In response to the concern that such an approach would "provoke plaintiffs to move for class certification prematurely, before they have fully developed or discovered the facts necessary to obtain certification," the court ruled that it is the filing of a class certification motion, and neither the adjudication (or even the forward progress) thereof, that precludes the "buy-off" problem. *Id.* The court noted that "[i]f the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation," and added that "this procedure comports with Federal Rule of Civil Procedure 23(c)(1)(A), which permits district courts to wait until 'an early practicable time' before ruling on a motion to certify a class." *Id.*
    Further caution is warranted in light of the recent United States Supreme Court ruling in *Genesis HealthCare Corp. v. Symczyk*, 569 U.S. ___ (2013) (No. 11-1059). The Supreme Court held that a trial court properly dismissed as moot a Fair Labor Standards Act (FLSA) overtime collective action where the employer had made an offer of judgment to the named plaintiff for all amounts she sought on her individual claim. Although *Genesis HealthCare* was limited to the FLSA context, the ruling, along with those cases that take a similar approach to *Clearwire*, dictates that a prudent plaintiff file a class certification motion with the Complaint, at which point the district court can handle the motion administratively as that court sees fit.

Excluded from the Class are Defendant, its parents, subsidiaries, affiliates, officers and directors; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

2.     Certification of Plaintiff's claims for classwide treatment is appropriate because Plaintiff can prove the elements of her claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims. In support of her motion,[2] Plaintiff states the following:

**I.     Fed. R Civ. P. 23's Requirements For Certification Are Satisfied**

3.     Mass. Gen Laws ch. 93 § 105(a) addresses and prevents the misuse and improper collection of personal identification information by retailers, and recognizes that there is no legitimate need to obtain such personal information from credit card customers except to the extent it is strictly necessary to complete the transaction.

4.     Defendant violates Mass. Gen Laws ch. 93 § 105(a) through its practice of requiring, as a condition of using a credit card to make a purchase, Plaintiff's and the Class members' personal identification information, specifically their ZIP codes.

5.     This conduct, and these violations of ch. 93 § 105(a), constitute violations of Mass. Gen Laws ch 93A.

6.     Even at this extremely early stage of the litigation, it is clear this case is suitable for class certification.

7.     The Court may certify a class when the plaintiff demonstrates that the proposed class and proposed class representatives meet Rule 23(a)'s four prerequisites – numerosity,

---

[2] Upon presentment of this Motion for Class Certification to the Court, Plaintiff will request a briefing schedule that will include, among other things, a deadline by which to file its opening memorandum of law in support thereof, and the opportunity to conduct discovery in further support of this Motion.

commonality, typicality, and adequacy of representation – and at least one of the three provisions of Rule 23(b). A district court has "broad discretion" in determining whether to certify a class. *Martins v. 3PD, Inc.*, 2013 WL 1320454, at *5 (D. Mass Mar. 28, 2013). As shown below, the Class satisfies each of Rule 23(a)'s prerequisites, as well as the requirements for certification under Rules 23(b)(2) and (b)(3).

## A.   Numerosity – Federal Rule of Civil Procedure 23(a)(1).

8.      The Rule 23(a)(1) numerosity requirement is satisfied where "the class is so numerous that joinder of all members is impractical." Fed. R. Civ. P. 23(a)(1). There is no specific number required to satisfy this requirement, nor is a plaintiff required to state the exact number of potential class members. *Donovan v. Philip Morris USA, Inc.*, 268 F.R.D. 1, 10 (D. Mass. 2010). A class action may proceed upon estimates as to the size of the proposed class and the court "may use common sense" to find numerosity satisfied. *McIntosh v. Irwin Union Bank and Trust Co.*, 216 F.R.D. 26, 35 (D. Mass. 2003). Generally, where the membership of the proposed class is at least 40, joinder is impracticable and the numerosity requirement is met. *DeRosa v. Mass. Bay Commuter Rail Co.*, 694 F.Supp.2d 87, 98 (D. Mass. 2010).

9.      The numerosity requirement is easily met. On information and belief, thousands of consumers have been damaged by Defendant's wrongful conduct as alleged herein. The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from Defendant's books and records. *Bonilla v. Trebol Motors Corp.*, 1993 WL 138297, at *3 (D. P.R. Mar. 30, 1993). Accordingly, there is no question that at least 40 (and likely thousands) of individuals are members of the Class. A more exact number of class members will be confirmed during discovery. Thus, the numerosity requirement of Rule 23(a)(1) is satisfied.

**B.   Commonality/Predominance – Federal Rule of Civil Procedure 23(a)(2) and (23)(b)(3).**

10.     The commonality element requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Courts recognize that there may be factual differences between class members, and "Rule 23(a) does not require that every class member share every factual and legal predicate of action." *Pettway v. Harmon Law Offices, P.C.*, 2005 WL 2365331, at *9 (D. Mass. Sept. 27, 2005); *In re Compact Disk Minimum Advertised Price Antitrust Litig.*, 216 F.R.D. 197, 204 (D. Me. 2003).

11.     Although common questions of either law or fact can be used to support a class action, both exist here. The common questions of fact and law for the Class are:

    a.   whether Sur La Table engaged in the conduct as alleged herein;

    b.   whether Sur La Table's conduct constitutes violations of Mass. Gen Laws ch. 93 § 105(a) and Mass. Gen Laws ch. 93A § 9;

    c.   whether Plaintiff and the other Class members are entitled to statutory, or other forms of damages, and other monetary relief and, if so, in what amount(s); and

    d.   whether Plaintiff and other Class members are entitled to equitable relief, including but not limited to injunctive relief and restitution.

12.     Because there is a common nucleus of operative facts and legal issues, Plaintiff satisfies the commonality requirement of Rule 23(a)(2).

13.     Rule 23(b)(3)'s predominance requirement provides that a class action may be maintained where the questions of law and fact common to members of the proposed class predominate over any questions affecting only individual members. Fed. R. Civ. P 23(b)(3); *Smilow v. Sw. Bell Mobile Sys., Inc.*, 323 F.3d 32, 39 (1st Cir. 2003). In this case, common

questions predominate for the Class because Defendant's deceptive conduct is *identical* with regard to all putative Class members. Thus, the predominance requirement is satisfied because liability will be decided predominately, if not entirely, based on common evidence of Defendant's conduct.

## C.   Typicality – Federal Rule of Civil Procedure 23(a)(3)

14.     Rule 23 also requires that Plaintiff's claims be typical of those of the Class. Fed. R. Civ. P. 23(a)(3). The typicality requirement is closely related to the commonality requirement and is satisfied if Plaintiff's claims arise from "the same event or practice or course of conduct that gives rise to the claims of other class members and…are based on the same legal theory." *Natchitoches Parish Hosp. Serv. Dist. v. Tyco Intern., Ltd.*, 247 F.R.D. 253, 264 (D. Mass. 2008) (internal quotations omitted). The existence of factual differences will not preclude a finding of typicality. *Id.* "The typicality requirement is not highly demanding because the claims only need to share the same essential characteristics and need not be identical." *Payne v. Goodyear Tire & Rubber Co.*, 216 F.R.D. 21, 26 (D. Mass. 2003).

15.     Indeed, even if there are pronounced factual differences, a court may find the typicality requirement met where there is a "strong similarity of legal theories." *In re Carbon Black Antitrust Litig.*, 2005 WL 102966, at *12 (D. Mass. Jan. 18, 2005).

16.     Here, each claim is also based on the same legal theory and cannot be factually distinguished from the claims of absent Putative Class Members because each claim arises from identical conduct: Defendant's deceptive conduct. Plaintiff has thus met the typicality requirement of Rule 23(a)(3).

## D.   Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).

17.     The final Rule 23(a) prerequisite requires that a proposed class representative

"fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This factor requires that both a proposed class representative and its counsel have the ability to represent and advocate on behalf of the class as a whole. *George v. Nat'l Water Main Cleaning Co.*, 286 F.R.D. 168, 177–78 (D. Mass. 2012). The proposed class representative must not have "conflicting interest with unnamed class members," and must be able to "prosecute the action vigorously . . . ." *McLaughlin v. Liberty Mut. Ins. Co.*, 224 F.R.D. 304, 310 (internal quotations omitted). Furthermore, proposed class counsel must be competent and have the resources necessary to sustain the complex litigation necessitated by class claims; it is persuasive evidence that proposed class counsel have been found adequate in prior cases. *See George*, 286 F.R.D. at 178.

18.     In this case, no conflicts exist between Plaintiff and the Putative Class members given the identical nature of their claims. *In re New England Mut. Life Ins. Co. Sales Practices Litig.*, 183 F.R.D. 33, 40 (D. Mass. 1998). Moreover, Plaintiff has the same interests as the proposed Class – obtaining relief from Defendant and ensuring that Defendant does not continue such conduct in the future. Therefore, Plaintiff has no interests antagonistic to the interests of the proposed Class. Furthermore, Plaintiff has hired counsel who has regularly engaged in major complex litigation and class actions. Accordingly, both Plaintiff and her counsel will adequately represent the Class.

19.     Additionally, Plaintiff respectfully requests that this Court appoint, pursuant to Federal Rule of Civil Procedure 23(g)(3), the undersigned counsel as Class Counsel.[3]

**E.   Superiority – Federal Rule of Civil Procedure 23(b)(3).**

---

[3] Proposed Class Counsel's credentials and experience will be comprehensively explained to the Court in Plaintiff's Memorandum of Law in further support of this Motion.

20.     Rule 23(b)(3)'s superiority element requires a showing that "a class action is superior to the available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P 23(b)(3). Rule 23(b)(3) provides that matters pertinent to a finding of superiority include: "(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the difficulties likely to be encountered in the management of a class action." Fed. R. Civ. P. 23(b)(3).

21.     The instant class action is superior to other available methods for the fair and efficient adjudication of Plaintiff and the Class' claims. The burden and expense of individual prosecution of the litigation necessitated by Defendant's actions makes a class action superior to other available methods of resolution. *See In re Credit Suisse-AOL Sec. Litig*, 253 F.R.D. 17, 21 (D. Mass. 2008). Thus, absent a class action, it would be difficult, if not impossible, for the individual members of the Class to obtain effective relief. Maintenance of this case as a class action is also superior to other available methods because it would avoid the necessity for multiple adjudications of identical legal and factual issues, thereby reducing the burden on the judiciary.

**F.   Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).**

22.     Rule 23(b)(2) provides that the party opposing certification must have acted or failed to act on grounds generally applicable to the proposed class, "so that final injunctive relief or corresponding declaratory relief is appropriate . . . ." Fed. R. Civ. P. 23(b)(2). In this case, Defendant acted and failed to act on grounds generally applicable to the Class as a whole, making final injunctive relief necessary to protect Plaintiff and the Class from such conduct in the future, and satisfying the requirements of Rule 23(b)(2).

23.     For the reasons stated above, and which will be borne out by class discovery, this case is appropriate for class certification. Plaintiff hereby requests that the Court allow for and schedule discovery to take place on classwide issues, at the conclusion of which, Plaintiff will file a memorandum in support of this motion detailing the appropriateness of class certification and asking the Court to rule on this motion at that time. [4]

WHEREFORE, Plaintiff Elizabeth Ann Christensen, on her own behalf and on behalf of the proposed Class, respectfully requests that the Court enter an Order:

A.     Entering and reserving ruling on Plaintiff's Motion for Class Certification;

B.     Allowing for and schedule discovery to take place on classwide issues;

C.     Granting Plaintiff leave to file a memorandum in support of her Motion for Class Certification upon the conclusion of classwide discovery;

D.     Granting Plaintiff's Motion for Class Certification after full briefing of the issues presented herein; and

E.     Providing all other and further relief that the Court deems equitable and just.

---

[4] Plaintiff reserves the right to amend the class definitions at the conclusion of classwide discovery.

Dated: June 6, 2013

Respectfully submitted,

ELIZABETH      ANN      CHRISTENSEN,
individually  and  on  behalf  of  all  others
similarly situated

By: _____

One of the Attorneys for Plaintiff
And the Proposed Putative Class

Joseph J. Siprut*
*jsiprut@siprut.com*
Aleksandra M. S. Vold*
*avold@siprut.com*
Tyler Zanders*
*tzanders@siprut.com*
**SIPRUT** PC
17 North State Street
Suite 1600
Chicago, Illinois 60602
Tel: 312.236.0000
Fax: 312.948.9196

Alexander Shapoval
*ashapoval@siprut.com*
**SIPRUT** PC
1 Winnisimmet Street
Chelsea, MA 02150
Tel: 617.889.5800
Fax: 617.884.3005

* *Pro Hac Vice* application to be submitted

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that the foregoing **Plaintiff's Motion for Class Certification** was filed electronically with the Clerk of the Court using the CM/ECF system on this 6th day of June, 2013, and served electronically on all counsel of record.

_____
Alexander Shapoval

4837-5878-9396, v. 1