# EXHIBIT I

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| ELIZABETH CHRISTENSEN on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 13-cv-11357 |
| v. | ) ) | Hon. George A. O'Toole Jr. |
| SUR LA TABLE, INC., | ) ) | |
| Defendant. | ) | |

**DECLARATION OF JOSEPH J. SIPRUT**

I, JOSEPH J. SIPRUT, declare:

1.      I am over the age of eighteen and am fully competent to make this declaration. I make this declaration based upon personal knowledge unless otherwise indicated.

2.      I am admitted to practice in the State of Illinois and in the United States District Court for the Northern District of Illinois, and other federal district courts. I am one of the attorneys for Plaintiff and the proposed Settlement Class herein.  I make this declaration in support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement. If called as a witness, I would and could testify to the following:

3.      I am the managing partner of the law firm of Siprut PC (herein "Siprut PC" or "Class Counsel").  I have personally been involved in the entirety of the prosecution of this class action lawsuit (the "Action").

4.      This Action alleges that Defendant Sur La Table, Inc. (Sur La Table) requested and recorded its customers' personal identification information, specifically their Zip Codes, in the course of completing credit card transactions in violation of Mass. Gen Laws ch. 93 § 105.

5.      As a result of this alleged conduct, on or about April 23, 2013 I sent a letter to Sur La Table, on behalf of the named Plaintiff, informing Sur La Table of her intent to file a class action

complaint in the United States District Court for the District of Massachusetts for violations of Mass. Gen. Laws ch. 93 § 105(a) on behalf of herself and all others similarly situated.

6.     After this letter failed to lead the parties to a settlement, the operative complaint in this Action was filed on June 6, 2013.

7.     Since that date, the Parties engaged in numerous telephonic conferences and written correspondence to consider the possibility of settling.

8.     Leading up to and including the settlement negotiations, the Settling Parties each examined the uncertainties of trial and the benefits to be obtained under a settlement, and they have each considered the costs, risks, and delays associated with the continued prosecution of this time-consuming litigation and the likely appeals of any rulings in favor of either Plaintiff or Sur La Table.

9.     After five months of significant arm's length, good faith settlement negotiations, on November 8, 2013, the parties reached a settlement in principle and filed a Notice of Settlement and Request to Stay Response Deadline.

10.     The parties then spent the following months refining the details of the settlement, which required filing Notices of Settlement and Additional Requests to Stay Response Deadlines on December 12, 2013, and January 9, 2014.

11.     By February 14, 2014, the Parties were able to assent to all of the terms presented to the court today in the executed Settlement Agreement (a true and correct copy of the Settlement Agreement is attached hereto as Exhibit 1).

12.     I have substantial experience in complex business litigation and class actions. My Firm, Siprut PC, substantially concentrates its practice in the prosecution of class actions. My Firm's resume is attached hereto as Exhibit 2.

13.     Throughout this litigation, my Firm has diligently prosecuted this matter, dedicating substantial resources to the investigation and litigation of the claims at issue, and has successfully negotiated the settlement of this matter to the benefit of the proposed Settlement Class. Neither my

firm nor the named Plaintiff has any interests antagonistic to the interests of the other Settlement Class members.

14.    Plaintiff and Class Counsel believe that the claims asserted against Sur La Table in this litigation have merit. However, Plaintiff and Class Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the litigation against Sur La Table through trial and appeals. Plaintiff and Class Counsel have also taken into account the uncertainty and risk of any litigation, especially in complex actions such as this Action, as well as the difficulties and delays inherent in such litigation. This litigation involves complex class issues, which would involve protracted and risky litigation if not settled. Moreover, in the event of any judgment against Sur La Table, an appeal could postpone any recovery for several years.

15.    The Settlement Agreement and its terms were reached after rigorous advocacy and extensive negotiations, in which I participated directly. Plaintiff and Class Counsel believe that the terms set forth in the Settlement Agreement confer substantial benefits upon the proposed Settlement Class, and is a fair, reasonable, and adequate resolution of the Class's claims against Sur La Table. As such, the Settlement is entitled to a good-faith determination and I respectfully submit that this Court should enter the proposed Preliminary Approval Order and, ultimately, the Final Order and Judgment, approving this proposed Settlement in all respects.

I declare under penalty of perjury under the laws of the State of Massachusetts that the foregoing is true and correct.

Executed on February 27, 2014 in Chicago, Illinois.


_____/s/ Joseph J. Siprut_____

# EXHIBIT 1

# EXHIBIT 2

# SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE (*"Settlement Agreement"*) is entered into between Plaintiff Elizabeth Christensen (*"Plaintiff" or "Named Plaintiff"*), individually and in her representative capacity as a plaintiff on behalf of the Class (as defined below), and defendant Sur La Table, Inc. (Plaintiff and Sur La Table, Inc. are referred to herein collectively, as *"Parties,"* or singularly, as *"Party"*).

## RECITALS

**A.** On or about June 6, 2013, Plaintiff filed a complaint in the United States District Court for the District of Massachusetts (*"Court"*), entitled *Elizabeth Christensen, an individual and on behalf of all others similarly situated, v. Sur La Table Inc.,* Case No. 1:13-cv-11357-GAO (*"Action"*). Plaintiff brought the Action in her individual capacity and in her capacity as a representative of a putative class of similarly-situated persons. Plaintiff asserted one claim for relief, alleging that Sur La Table, Inc. had violated Mass. Gen. Laws ch. 93A by requesting and recording personal identification information in the form of Zip Codes from customers using a credit card allegedly in violation of Mass. Gen. Laws ch. 93 § 105(a).

**B.** The Parties have investigated the facts and have analyzed the relevant legal issues with regard to the claim asserted in, and the defenses to, the Action. Based on these investigations, Plaintiff believes the Action has merit, while Sur La Table, Inc. does not believe the Action has merit, and does not admit, and expressly denies, that it engaged in any wrongdoing or that it has any liability whatsoever. The Parties have each also looked at the uncertainties of trial and the benefits available under the proposed settlement, and have considered the costs, risks, and delays associated with the continued prosecution and defense of this complex and time-consuming litigation and the likely appeals of any rulings in favor of either Plaintiff or Sur La Table, Inc.

**C.** Accordingly, it is now the intention of the Parties and the objective of this Settlement Agreement to avoid the costs of trial and to settle and dispose of, fully and completely and forever, any and all claims and causes of action asserted or that could have been asserted in the Action.

## AGREEMENT

**1.** **DEFINITIONS.** The following section defines terms that are not defined above. Some definitions use terms that are defined later in this section:

**1.1** The terms *"Authorized Claimant"* or *"Authorized Claimants"* mean any Class Member who validly and timely submits a Claim Form for a Voucher according to the terms of this Settlement Agreement.

**1.2** The terms *"Massachusetts Sur La Table, Inc. Store"* and *"Massachusetts Sur La Table, Inc. Stores"* mean any Sur La Table store located in Massachusetts operated by Sur La Table, Inc.

**1.3**     The terms *"Claim Form"* or *"Claim Forms"* mean the form Class Members must submit to receive a Voucher under this Settlement Agreement.  The Claim Form must be substantially similar to the form appended hereto as **Exhibit E**.  As set forth in paragraph 3.6 below, the deadline to submit a Claim Form is one hundred twenty (120) days after the Preliminary Approval Order is issued.

**1.4**     The term *"Claimant"* means any Class Member who submits a Claim Form for a Voucher under this Settlement Agreement.

**1.5**     The term *"Claims Administrator"* means Class Action Administration, Inc., which will administer the notice, claims, and Voucher distribution process provided for in this Settlement Agreement.

**1.6**     The terms *"Class Counsel"* or *"Plaintiff's Counsel"* mean the law firm of Siprut P.C.

**1.7**     The terms *"Class*," *"Class Member*," and *"Class Members"* mean all persons with an address in the United States who, between June 6, 2009, and the date of entry of the Preliminary Approval Order, used a credit card to make a purchase at a Massachusetts Sur La Table, Inc. Store and whose Personal Identification Information, including, but not limited, to a Zip Code, was provided to and recorded by Sur La Table, Inc. during the transaction.

**1.8**     The term *"Court"* means the United States District Court for the District of Massachusetts.

**1.9**     The term *"Fairness Hearing"* means the hearing at which the Court decides whether to provide final approval of this Settlement Agreement as being fair, reasonable, and adequate.

**1.10**     The term *"Final Order and Judgment"* means an order and judgment from the Court approving the Settlement of this Action substantially similar to the proposed form appended hereto as **Exhibit F**.

**1.11**     The term *"Final Settlement Date"* means seven (7) days after the Final Order and Judgment become "final".  For the purposes of this paragraph, "final" means: (a) if no appeal from the Final Order and Judgment is filed, the expiration of the time for the filing or noticing of any appeal from the Final Order and Judgment; or (b) if an appeal from the Final Order and Judgment is filed or noticed, and the Final Order and Judgment is affirmed or the appeal dismissed, and no petition for rehearing or rehearing en banc (collectively, *"Rehearing Petition"*) and no petition for a writ of certiorari (*"Writ Petition"*) with respect to the appellate court's judgment affirming the Final Order and Judgment or dismissing the appeal (*"Appellate Judgment"*) are filed, the expiration of the time for the filing of a Rehearing Petition or Writ Petition, whichever is later; or (c) if a Rehearing Petition or Writ Petition is filed and denied, the denial of the Rehearing Petition or Writ Petition, whichever is later; or (d) if a Rehearing Petition or Writ Petition is filed and granted, the final affirmance of the Appellate Judgment, or final dismissal of the review proceeding initiated by the Rehearing Petition or the Writ Petition, whichever is later, which final dismissal is made without affecting the Appellate Judgment.

1.12    The term *"Notice"* means the legal notice of the proposed Settlement terms, as approved by Class Counsel, Sur La Table, Inc.'s Counsel, and the Court. The Notice is distinct and apart from the Notice Postcard (as defined below) and is not the initial notice that Class Members will receive regarding this Settlement. Rather, the Notice shall be provided on the Claims Administrator's website and shall be provided to Class Members by the Claims Administrator upon request. The Notice must be substantially similar to the form appended hereto as **Exhibit C**, and will contain a copy of the Claim Form.

1.13    The term *"Notice Postcard"* means the postcard providing initial notice of the pendency of a class action and proposed Settlement which shall be provided to Class Members pursuant to paragraph 3.3 below. The Notice Postcard must be substantially similar to the form appended hereto as **Exhibit B** and will instruct Class Members to view the website or call the toll-free number maintained by the Claims Administrator to obtain a copy of the Notice and Claim Form.

1.14    The term *"Marketing Communications"* means communications from Sur La Table, Inc. about its products, services, and offers. It does not include transactional communications, such as an email sent to confirm that an online purchase was made.

1.15    The term *"Merchandise"* means physical goods available for sale in Sur La Table, Inc. Stores and does not include services (including, without limitation, shipping, gift-wrapping, or cooking classes), taxes, gift cards or certificates, or prior purchases.

1.16    The terms *"Voucher"* or *"Vouchers"* include two types of vouchers redeemable in Sur La Table, Inc. Stores. One type of Voucher allows an Authorized Claimant to receive $5 off a Merchandise purchase. The second type of Voucher allows an Authorized Claimant to receive 20% off a Merchandise purchase up to $50. Additional terms and conditions of the Vouchers are listed in paragraph 2.3 of this Settlement Agreement.

1.17    The term *"Named Plaintiff"* means plaintiff Elizabeth Christensen only in her individual capacity.

1.18    The term *"Personal Identification Information"* includes, but is not limited, to Zip Codes.

1.19    The term *"Preliminary Approval and Provisional Class Certification Order"* or *"Preliminary Approval Order"* means an order from the Court preliminary approving the Settlement of this Action and provisionally certifying the Class. This order must be substantially similar to the proposed form appended hereto as **Exhibit A**.

1.20    The term *"Publication Notice"* means the legal notice summarizing the proposed Settlement terms, as approved by Class Counsel, Sur La Table, Inc.'s Counsel, and the Court, to be provided to Class Members under paragraph 3.3 by one-time publication in a 1/4-page advertisement in the Massachusetts edition of *USA Today*. The Publication Notice must be substantially similar to the form appended hereto as **Exhibit D**, and will provide the URL address of the Claims Administrator's website, from which a copy of the Notice and Claim Form may be obtained.

**1.21**   The term **"Settlement"** means the settlement of this Action and related claims.

**1.22**   The term **"Sur La Table, Inc.'s Counsel"** means the law firm of K&L Gates LLP.

2.   SETTLEMENT TERMS

**2.1    Sur La Table, Inc.**'s **Practices.**  Sur La Table, Inc. will continue to comply with Mass. Gen. Laws ch. 93 § 105(a) and will not write or cause to be written on a credit card transaction form, except for shipping, delivery, or installation of purchased merchandise or services, or for a warranty, Personal Identification Information, including, but not limited, to a Zip Code, from persons who use a credit card to make a purchase at a Massachusetts Sur La Table, Inc. Store.

**2.2    Ability to Decline Receiving Marketing Communications**.  The Notice shall inform Class Members how to contact Sur La Table, Inc. regarding how they may opt-out of receiving Marketing Communications from Sur La Table, Inc.

**2.3    Class Relief**.  Sur La Table, Inc. will issue a single Voucher to each Authorized Claimant.  As set forth in more detail in paragraph 3.6, at the time he or she submits the Claim Form, each Class Member must elect to receive either a Voucher for $5 off a Merchandise purchase, redeemable for one use in 12 months (**"Type-A Voucher"**), or 20% off a Merchandise purchase up to $50, redeemable for one use in 6 months (**"Type-B Voucher"**), each to be used only on regularly-priced Merchandise, and each non-transferable and not to be combined with other offers by Sur La Table, Inc. to its customers.  Sur La Table, Inc. shall issue a Type-A Voucher to Class Members who otherwise submit a proper and timely Claim Form, but either (1) request both types of Vouchers, (2) fail to elect the type of Voucher desired, or (3) submit two claim forms that elect different types of Vouchers.  The Vouchers will be subject to the following conditions: (a) Vouchers shall be valid for 6 or 12 months after issuance depending on the type of Voucher; (b) each Class Member is entitled to receive only one (1) Voucher regardless of the number of transactions or alleged violations; (c) Vouchers are for a single-use only (may be used only one time) and must be tendered and relinquished to a Sur La Table, Inc. sales associate at the time of use; (d) Vouchers shall be redeemable only for in-store purchases of Merchandise at Sur La Table, Inc. Stores; (e) Vouchers are non-transferable; (f) Vouchers are not redeemable for cash, including no cash back; (g) Vouchers will not be valid for past purchases; (h) Vouchers will not be replaced if lost, stolen, expired, or destroyed; (i) Class Members are responsible for any applicable sales tax; (j) the Vouchers may not be used on sale item(s); and (k) Vouchers may not be combined with any other offer, discount program, promotional coupon, or Voucher.

**2.4    Attorneys' Fees and Costs.**  Sur La Table, Inc. agrees not to oppose Class Counsel's application for attorneys' fees and costs of $100,000.00 (total), subject to Court approval, and Plaintiff and Class Counsel each agree not to petition the Court for more than $100,000.00 (total) for attorneys' fees and costs (**"Class Counsel Award"**).

(a)     Class Counsel will file any papers supporting its request for the Class Counsel Award with the Court fourteen (14) days prior to the deadline for Class Members to object to the Settlement, as such deadline is defined in paragraph 3.9 below. Class Counsel must give Sur La Table, Inc.'s Counsel drafts of the papers regarding Class Counsel's request for the Class Counsel Award to review at least seven (7) days before the deadline for filing those papers.

(b)     If the Court approves the Settlement of this Action and an award of attorneys' fees and costs to Class Counsel, Sur La Table, Inc. agrees to pay to Class Counsel the Class Counsel Award approved by the Court up to $100,000.00 (total) within thirty (30) days after (a) the Final Settlement Date, or (b) the date Class Counsel provides Sur La Table, Inc. with Class Counsel's IRS Form W-9 in a form acceptable to Sur La Table, Inc., whichever is later.

(c)     Plaintiff and Class Counsel expressly waive any right to appeal any order by the Court regarding the Class Counsel Award and will accept any and all amount ordered by the Court as full satisfaction of their attorneys' fees and costs.

2.5     **Incentive Award to Named Plaintiff.** Sur La Table, Inc. agrees not to oppose Named Plaintiff's application for an incentive award of $1,500.00, subject to Court approval, and Plaintiff and Plaintiff's Counsel each agree not to petition the Court for more than $1,500.00 for an incentive award (***"Plaintiff's Incentive Award"***). If the Court approves the Settlement of this Action and an incentive award to Named Plaintiff, Sur La Table, Inc. agrees to pay to Named Plaintiff the Plaintiff's Incentive Award approved by the Court up to $1,500.00 within thirty (30) days after (a) the Final Settlement Date, or (b) the date Plaintiff provides Sur La Table, Inc. with Plaintiff's IRS Form W-9 in a form acceptable to Sur La Table, Inc., whichever is later. Plaintiff and Plaintiff's Counsel expressly waive any right to appeal any order by the Court regarding the Plaintiff's Incentive Award and will accept any and all amount ordered by the Court in connection with the Plaintiff's Incentive Award.

2.6     **Class Administration.** Sur La Table, Inc. will pay all claims administration costs and the cost of providing notice of the Settlement to the Class as described in this Settlement Agreement. The Claims Administrator shall be Class Action Administration, Inc., subject to Court approval.

3.     **CLASS SETTLEMENT PROCEDURES**

3.1     **Cooperation to Obtain Court Approval.** The Parties will jointly take all reasonable steps necessary to secure the Court's approval of this Settlement Agreement and the Settlement.

3.2     **Preliminary Approval and Provisional Class Certification.** As soon as practicable after this Settlement Agreement is signed, but no later than fourteen (14) days after this Settlement Agreement is signed by all of the undersigned, Plaintiff must apply to the Court for

preliminary approval of the class action Settlement and provisional class certification. The application must request that the Court:

(a) preliminarily approve this Settlement Agreement as being fair, reasonable, and adequate;

(b) preliminarily approve the form, manner, and content of the Notice Postcard, Notice, Publication Notice, and Claim Form described in paragraphs 3.3 and 3.6, and appended hereto as **Exhibits B - E**;

(c) set the date and time of the Fairness Hearing between one hundred thirty (130) and one hundred fifty (150) days after the Preliminary Approval Order is issued, subject to the Court's availability;

(d) provisionally certify the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure for settlement purposes only;

(e) stay all proceedings in the Action against Sur La Table, Inc. until the Court renders a final decision on approval of the Settlement;

(f) appoint Named Plaintiff as class representative for settlement purposes only; and

(g) appoint the law firm of Siprut P.C. as Class Counsel for settlement purposes only.

The proposed Preliminary Approval and Provisional Class Certification Order must be substantially similar to the form appended hereto as **Exhibit A**. Class Counsel must draft the application papers and give Sur La Table, Inc.'s Counsel drafts of the application and proposed order to review at least seven (7) days before the application's filing date. Sur La Table, Inc. shall be permitted, but not required, to file its own brief or statement of non-opposition in support of Preliminary Approval and Provisional Class Certification.

**3.3    Notice.**    Subject to the Court granting Preliminary Approval of the Class Settlement and Provisional Class Certification, the Parties agree that the Claims Administrator will provide the Class with notice of the proposed Settlement by the following methods:

(a) **Internet Posting**. Unless otherwise ordered by the Court, starting no later than thirty (30) days after the Preliminary Approval Order is issued, the Claims Administrator will set up an Internet website and post the Complaint, Settlement Agreement, Preliminary Approval Order, Notice, Claim Form, and within three (3) business days after it is filed, Class Counsel's motion papers regarding its request for the Class Counsel Award. The website will be active for at least a period of one hundred and forty (140) consecutive calendar days.

(b) **Notice Postcard.** Initial notice of the pendency of a class action and proposed Settlement shall be provided by Notice Postcard as provided in

paragraphs 3.3(c) and 3.3(d) below. The Notice Postcard shall inform Class Members of the URL address of the Claims Administrator's website, from which Class Members shall be able to obtain a copy of the Notice and Claim Form, and of the toll-free number serviced by the Claims Administrator. The Notice Postcard will be substantially similar to the form appended hereto as **Exhibit B**

**(c)** **Notice by Email.** Unless otherwise ordered by the Court, starting no later than thirty (30) days after the Preliminary Approval Order is issued, Sur La Table, Inc. may direct the Claims Administrator to send the Notice Postcard by email to each Class Member for whom Sur La Table, Inc. has an email address (***"Email Notice"***), excluding Class Members who previously indicated that they do not wish to receive any email communications from Sur La Table, Inc. The Notice Postcard will be substantially similar to the form appended hereto as **Exhibit B**. In the event that the Email Notice is returned as undeliverable, the Claims Administrator shall send the Notice Postcard by U.S. Mail as provided in paragraph 3.3(d) below, if Sur La Table, Inc. has a facially valid United States postal address for the Class Member; provided, however, the Claims Administrator shall have no obligation to send any notice by U.S. Mail where Email Notice was returned as undeliverable after thirty (30) days from the date on which it originally was sent.

**(d)** **Notice by U.S. Mail.** Unless otherwise ordered by the Court, starting no later than thirty (30) days after the Preliminary Approval Order is issued, the Claims Administrator will send the Notice Postcard by U.S. Mail to each Class Member who was not sent Email Notice under paragraph 3.3(c) and for whom Sur La Table, Inc. has a facially valid United States postal address (***"U.S. Mail Notice"***). The Notice Postcard will be substantially similar to the form appended hereto as **Exhibit B**. Prior to mailing the Notice Postcard, the Claims Administrator shall access the U.S. Postal Service National Change of Address database ("NCOA Database") and update the address for each such Class Member where the NCOA Database provides an updated address; provided, however, if the NCOA Database indicates that the last known address of any such Class Member is invalid or otherwise undeliverable and no updated address is available, the Claims Administrator shall have no further obligation to take steps to locate the address of the Class Member or to mail such Class Member U.S. Mail Notice. In the event that U.S. Mail Notice is returned as undeliverable with a forwarding address, the Claims Administrator shall send U.S. Mail Notice to the indicated forwarding address within ten (10) business days from the date of receipt of the forwarding address; provided, however, the Claims Administrator shall have no obligation to send any U.S. Mail Notice returned as undeliverable after thirty (30) days from the date on which it originally was mailed.

(e)     **Publication Notice.**  Unless otherwise ordered by the Court, forty (40) days after the Preliminary Approval Order is issued, Sur La Table, Inc. shall have the Publication Notice published once in a 1/4-page advertisement in the Massachusetts edition of *USA Today*.  The Publication Notice will be substantially similar to the form appended hereto as **Exhibit D**, and will provide the URL address of the Claims Administrator's website, from which Class Members may obtain a copy of the Notice and a copy of the Claim Form.

3.4     **CAFA Notice**.  Sur La Table, Inc., either directly or through the Claims Administrator, shall serve upon the relevant government officials notice of the proposed Settlement in accordance with 28 U.S.C. § 1715.

3.5     **Proof of Notice.**  No later than thirty (30) days after completing its obligations set forth in paragraph 3.3, the Claims Administrator must provide a declaration to Class Counsel and Sur La Table, Inc.'s Counsel, confirming that the Claims Administrator provided the Class with notice of the proposed Settlement in accordance with paragraph 3.3 above.  The Parties shall file the Claims Administrator's declaration with the Court as part of Plaintiff's motion in support of the Final Order and Judgment.

3.6     **Claim Form.**  To be entitled to receive a Voucher, Class Members must accurately complete a Claim Form and return that form by U.S. Mail to the address listed on the Claim Form no later than one hundred twenty (120) days after the Preliminary Approval Order is issued.  The delivery date is deemed to be the date the Claim Form is deposited in the U.S. Mail as evidenced by the postmark, and if no such date can be discerned, the date five (5) days prior to the date the Claim Form is received by the Claims Administrator will control.  Any Class Member who fails to submit a valid and timely Claim Form will not receive any Voucher as provided under this Settlement Agreement.  A Claim Form shall be considered valid if it contains (1) the Class Member's name and residential street address (including city, state, and Zip Code); (2) a declaration that the Class Member purchased merchandise at a Massachusetts Sur La Table, Inc. Store between June 6, 2009, and the date of entry of the Preliminary Approval Order using a credit card and provided Personal Identification Information to Sur La Table, Inc. during the transaction; and (3) the Class Member's signature made under the penalty of perjury under the laws of the United States of America.  The Claim Form will also contain two check boxes, one of which a Class Member can check to choose either a Type-A Voucher or a Type-B Voucher.  If a Class Member submits a timely and otherwise proper Claim Form, but either: (1) checks both boxes, (2) fails to check either box, or (3) submits two claim forms that elect different types of Vouchers, Sur La Table, Inc. shall issue a Type-A Voucher, subject to the terms and conditions of the Vouchers listed in paragraph 2.3 of this Settlement Agreement.  Within thirty (30) days after the time for submitting a valid Claim Form expires, the Claims Administrator shall provide Class Counsel and Sur La Table, Inc.'s Counsel with a list identifying all Class Members that submitted a valid Claim Form.  Upon reasonable request by Class Counsel, Sur La Table, Inc., or Sur La Table, Inc.'s Counsel, the Claims Administrator shall provide copies of the Claim Forms or information regarding a particular Claim Form.

3.7     **Right to Verify.**  The Claims Administrator may review all submitted Claim Forms for completeness, validity, accuracy, and timeliness, and may contact any Claimant

to request additional information and documentation to determine the validity of any claim. In addition, Sur La Table, Inc. may verify that (a) the information set forth in a submitted Claim Form is accurate, and (b) the Claimant is a Class Member.

       3.8    **Disputed Claims.** If the Parties dispute a Claim Form's timeliness or validity, the Parties must meet and confer in good faith to resolve the dispute. Sur La Table, Inc.'s records will be entitled to a rebuttable presumption of accuracy. In the event that Class Counsel and Sur La Table, Inc.'s Counsel cannot resolve any disagreements over the timeliness or validity of a Claim Form, the matter will be submitted in writing to the Court, whose ruling as to the timeliness or validity of such Claim Form will be binding and final, without further appeal.

       3.9    **Objections.** Any Class Member who has not submitted a timely written Exclusion Request (as defined below) pursuant to paragraph 3.10 below, and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, or to the attorneys' fees and costs requested by Class Counsel, must deliver written objections to Class Counsel and Sur La Table, Inc.'s Counsel, and must file such objection with the Court, no later than ninety (90) days after the Preliminary Approval Order is issued. The delivery date is deemed to be the date the objection is deposited in the U.S. Mail as evidenced by the postmark, and if no such date can be discerned, the date the objection is received by the Court will control. It shall be the objector's responsibility to ensure receipt of any objection by the Court, Class Counsel, and Sur La Table, Inc.'s Counsel. Written objections must be verified by a declaration under the penalty of perjury or a sworn affidavit and must include: (a) the name and case number of the Action, "*Christensen v. Sur La Table, Inc.*, Case No. 1:13-cv-11357-GAO"; (b) the full name, address, and telephone number of the objector; (c) a statement of each objection; and (d) a written brief detailing the specific reasons for each objection, including any legal and factual support for each objection, and providing any evidence in support of each objection. Any Class Member who files and serves a written objection, as described in this paragraph, has the option to appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the fairness, reasonableness, or adequacy of the Settlement Agreement or the proposed Settlement, or to the award of attorneys' fees; provided, however, that Settlement Class Members or their attorneys intending to make an appearance at the Fairness Hearing must also deliver to Class Counsel and Sur La Table, Inc.'s Counsel and file with the Court a "Notice of Intention to Appear" no later than ninety (90) days after the Preliminary Approval Order is issued. Only Class Members who file and serve timely Notices of Intention to Appear may speak at the Fairness Hearing. If a Class Member makes an objection through an attorney, the Class Member will be responsible for his or her personal attorney's fees and costs.

       3.10    **Exclusion Requests.** Class Members may elect not to be part of the Class and not to be bound by this Settlement Agreement (***"Exclusion Request"***). To make this election, Class Members must send a letter or postcard to the address listed in the Notice stating: (a) the name and case number of the Action, "*Christensen v. Sur La Table, Inc.*, Case No. 1:13-cv-11357-GAO"; (b) the full name, address, and telephone number of the person requesting exclusion; and (c) a statement that he or she does not wish to participate in the Settlement, postmarked no later than ninety (90) days after the Preliminary Approval Order is issued.

(a) **Exclusion List**. Within thirty (30) days after the time for submitting an Exclusion Request expires, the Claims Administrator shall provide Class Counsel and Sur La Table, Inc.'s Counsel with a list identifying all Class Members who have timely and validly excluded themselves from the Class.

(b) **Blow-up Clause.** Despite this Settlement Agreement, if more than two hundred (200) Class Members request exclusion, then Sur La Table, Inc. may, in its sole discretion, at any time before the Fairness Hearing, notify Class Counsel in writing that it has elected to terminate this Settlement Agreement. If this Settlement Agreement is terminated, it will be deemed null and void *ab initio*. In that event: (i) the Preliminary Approval and Provisional Class Certification Order and all of its provisions will be vacated by its own terms; (ii) the Action will revert to the status that existed before the Settlement Agreement's execution date; and (iii) no term or draft of this Settlement Agreement, or any part or aspect of the Parties' settlement discussions, negotiations, or documentation will have any affect or be admissible in evidence, for any purpose, in this Action or any other proceeding.

(c) **No Representative Exclusions.** The Preliminary Approval Order shall provide that no person shall purport to exercise any exclusion rights of any other person, or purport to exclude other Class Members as a group, aggregate, or class involving more than one Class Member, or as an agent or representative; any such purported exclusion shall be void, and the Class Member(s) that are the subject of the purported exclusion shall be treated as part of the Class for all purposes.

**3.11 No Solicitation of Comment, Objection, or Election Not to Participate.** Neither the Parties nor their respective counsel will solicit or otherwise encourage directly or indirectly any Class Member to elect not to participate in the Settlement, comment on or object to the Settlement, or appeal from the Final Order and Judgment.

**3.12 Effect of Government Intervention.** Sur La Table, Inc. has the option to withdraw from the Settlement Agreement, and thereby render the Settlement Agreement null and void *ab initio*, if the attorney general or other authorized officer of the United States or any State, or any representative of any local, state, or federal agency or branch of government, intervenes in the Action or advises the Court in writing of opposition to the terms of the Settlement Agreement. In that event (a) the Preliminary Approval Order and all of its provisions will be vacated by its own terms; (b) the Action will revert to the status that existed before the Settlement Agreement's execution date; and (c) no term or draft of this Settlement Agreement, or any part of the Parties' settlement discussions, negotiations, or documentation will have any effect or be admissible in evidence for any purpose in the Action or any other proceeding.

**3.13 Final Order and Judgment.** No later than seven (7) days before the Fairness Hearing, Plaintiff must apply to the Court for approval of a proposed Final Order and Judgment substantially similar to the form appended hereto as **Exhibit F**. Class Counsel must file with the Court a complete list of all Class Members who have validly and timely excluded

themselves from the Class. Class Counsel must also draft the application papers and give Sur La Table, Inc.'s Counsel drafts of the application and proposed order to review at least seven (7) days before the application's filing deadline. Sur La Table, Inc. shall be permitted, but not required, to file its own brief or statement of non-opposition in support of the Final Order and Judgment.

        **3.14    Action Status if Settlement Not Approved.** This Settlement Agreement is being entered into for settlement purposes only. If the Court conditions its approval of either the Preliminary Approval Order or the Final Order and Judgment on any modifications of this Settlement Agreement that are not acceptable to all Parties, or if the Court does not approve the Settlement or enter the Final Order and Judgment, or if the Final Settlement Date does not occur for any reason, then this Settlement Agreement will be deemed null and void *ab initio*. In that event (a) the Preliminary Approval Order and all of its provisions, and the Final Order and Judgment and all of their provisions, will be vacated by their own terms, including, but not limited to, vacating certification of the Class, appointment of Plaintiff as class representative, appointment of Plaintiff's Counsel as Class Counsel, the Class Counsel Award, and the Plaintiff's Incentive Award; (b) the Action will revert to the status that existed before the Settlement Agreement's execution date; and (c) no term or draft of this Settlement Agreement, or any part of the Parties' settlement discussions, negotiations, or documentation will have any effect or be admissible in evidence for any purpose in the Action or any other proceeding. Plaintiff and Class Counsel each agree, however, that an award by the Court of a lesser amount than that sought by Plaintiff and Class Counsel for the Class Counsel Award or the Plaintiff's Incentive Award, or a modification or reversal on appeal of an order approving the Class Counsel Award or the Plaintiff's Incentive Award, will not render the Settlement Agreement null or void. If the Court does not approve the Settlement or enter the Final Order and Judgment for any reason, or if the Final Settlement Date does not occur for any reason, Sur La Table, Inc. shall retain all its rights to object to the maintenance of the Action as a class action, and nothing in this Settlement Agreement or other papers or proceedings related to the Settlement shall be used as evidence or argument by any Party concerning whether the Action may properly be maintained as a class action.

        **3.15    Voucher Distribution.** If the Court approves the Settlement of this Action and enters the Final Order and Judgment, the Claims Administrator must mail the Vouchers to the Authorized Claimants within sixty (60) days following the Final Settlement Date.

        **4.    DISMISSAL OF ACTION AND RELEASES**

        **4.1    Judgment and Enforcement.** The Parties agree that should the Court approve the Settlement and enter the Final Order and Judgment, the Final Order shall include a provision for the retention of the Court's jurisdiction over the Parties to enforce the terms of the Settlement Agreement, which provision shall be substantially similar to paragraph 15 of the form of Final Order appended hereto as **Exhibit F**.

        **4.2    Class Members' Release.** Upon entry of the Final Order and Judgment, Named Plaintiff and all Class Members who do not validly and timely request to be excluded from the proposed Settlement, and each of their respective successors, assigns, legatees, heirs, attorneys, and personal representatives (**"*Releasors*"**) release and forever discharge Sur La Table, Inc. and each of its direct or indirect parents, wholly or majority-owned subsidiaries, affiliated and related entities, predecessors, successors, assigns, partners, and privities, and any of their present and

former directors, officers, employees, shareholders, agents, representatives, attorneys, accountants, and insurers, and all persons acting by, through, under or in concert with them, or any of them, from all manner of actions, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent, which they have or may have arising out of or relating to any of the acts, omissions, or other conduct, including, but not limited to, Sur La Table, Inc.'s collection of Personal Identification Information, that have or could have been alleged or that otherwise are or could have been referred to in the Action including, but not limited to, any and all violations of Mass. Gen. Laws ch. 93 § 105(a) (including all subsections) and Mass. Gen. Laws ch. 93A (including all sections and subsections).

In addition, Releasors intentionally, knowingly, and expressly waive and relinquish, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by any law of the United States, any state or territory of the United States, or any law or principle of common law or equity that governs or limits a person's release of unknown claims referred to above, including, without limitation, the provisions, rights, and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Releasors fully understand and acknowledge that the facts on which this Settlement Agreement is executed may be different from the facts now believed by Releasors and Class Counsel to be true and expressly accept and assume the risk of this possible difference in facts and agree that this Settlement Agreement remains effective despite any difference in facts. Further, Releasors agree that this waiver is an essential and material term of this release and the Settlement that underlies it and that without such waiver the Settlement would not have been accepted.

**4.3 Named Plaintiff's General Release.** Upon entry of the Final Order and Judgment, Named Plaintiff Elizabeth Christensen, and each of her successors, assigns, legatees, heirs, attorneys, and personal representatives release and forever discharge Sur La Table, Inc. and each of its direct or indirect parents, wholly or majority-owned subsidiaries, affiliated and related entities, predecessors, successors, assigns, partners, and privities, and any of their present and former directors, officers, employees, shareholders, agents, representatives, attorneys, accountants, and insurers, and all persons acting by, through, under or in concert with them, or any of them, from all manner of actions, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent.

In addition, Named Plaintiff, and each of Named Plaintiff's successors, assigns, legatees, heirs, attorneys, and personal representatives, intentionally, knowingly, and expressly waive and relinquish, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by any law of the United States, any state or territory of the United States or any law or

principle of common law or equity that governs or limits a person's release of unknown claims referred to above, including, without limitation, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Named Plaintiff fully understands and acknowledges that the facts on which this Settlement Agreement is executed may be different from the facts now believed by Named Plaintiff and Plaintiff's Counsel to be true and expressly accepts and assumes the risk of this possible difference in facts and agrees that this Settlement Agreement remains effective despite any difference in facts. Further, Named Plaintiff agrees that this waiver is an essential and material term of this release and the Settlement that underlies it and that without such waiver the Settlement would not have been accepted.

5. **ADDITIONAL PROVISIONS**

5.1 **Sur La Table, Inc.'s Denial of Wrongdoing.** This Settlement Agreement reflects the Parties' compromise and settlement of the disputed claims in the Action. Its provisions, and all related drafts, communications, and discussions, cannot be construed as or deemed to be evidence of an admission or concession of any point of fact or law (including, but not limited to, matters respecting class certification) by any person or entity and cannot be offered or received in evidence or requested in discovery in this Action or any other action or proceeding as evidence of an admission or concession, and Sur La Table, Inc. does not admit, and expressly denies, that it engaged in any wrongdoing or that it has any liability whatsoever.

5.2 **Change of Time Periods.** All time periods and dates described in this Settlement Agreement are subject to the Court's approval. These time periods and dates may be changed by the Court or by the Parties' written agreement without notice to the Class.

5.3 **Real Parties in Interest.** In executing this Settlement Agreement, the Parties warrant and represent that they, including Named Plaintiff in her representative capacity on behalf of the Class, are the only persons having any interest in the claims asserted in this Action. Neither these claims, nor any part of these claims, have been assigned, granted, or transferred in any way to any other person, firm, or entity.

5.4 **Voluntary Agreement.** The Parties executed this Settlement Agreement voluntarily and without duress or undue influence.

5.5 **Binding on Successors.** This Settlement Agreement binds and benefits the Parties' respective successors, assigns, legatees, heirs, attorneys, and personal representatives.

5.6 **Parties Represented by Counsel.** The Parties acknowledge that: (a) they have been represented by independent counsel of their own choosing during the negotiation of this Settlement and the preparation of this Settlement Agreement; (b) they have read this Settlement

Agreement and are fully aware of its contents; and (c) their respective counsel fully explained to them the Settlement Agreement and its legal effect.

       **5.7**    **Authorization.** Each Party warrants and represents that there are no liens or claims of lien or assignments, in law or equity, against any of the claims or causes of action released by this Settlement Agreement and, further, that each Party is fully entitled and duly authorized to give this complete and final release and discharge.

       **5.8**    **Entire Agreement.** This Settlement Agreement and the exhibits appended hereto contain the entire agreement between the Parties and constitute the complete, final, and exclusive embodiment of their agreement with respect to settlement of the Action. This Settlement Agreement is executed without reliance on any promise, representation, or warranty by any Party or any Party's representative other than those expressly set forth in this Settlement Agreement.

       **5.9**    **Construction and Interpretation.** Neither Party nor any of the Parties' respective attorneys will be deemed the drafter of this Settlement Agreement for purposes of interpreting any provision in this Settlement Agreement in any judicial or other proceeding that may arise between them. This Settlement Agreement has been, and must be construed to have been, drafted by all the Parties to it, so that any rule that construes ambiguities against the drafter will have no force or affect.

       **5.10**    **Headings and Formatting of Definitions.** The various headings used in this Settlement Agreement are solely for the Parties' convenience and may not be used to interpret this Settlement Agreement. Similarly, bolding and italicizing of definitional words and phrases is solely for the Parties' convenience and may not be used to interpret this Settlement Agreement. The headings and the formatting of the text in the definitions do not define, limit, extend, or describe the Parties' intent or the scope of this Settlement Agreement.

       **5.11**    **Exhibits.** The exhibits appended to this Settlement Agreement are integral parts of the Settlement Agreement and the Settlement and are incorporated into this Settlement Agreement as though fully set forth in the Settlement Agreement.

       **5.12**    **Modifications and Amendments.** No amendment, change, or modification to this Settlement Agreement will be valid unless in writing signed by the Parties or their respective counsel.

       **5.13**    **Governing Law.** This Settlement Agreement is governed by, and shall be construed in accordance with, the laws of the Commonwealth of Massachusetts without regard to any principles of conflict of or choice of laws.

       **5.14**    **Further Assurances.** The Parties must execute and deliver any additional papers, documents, or other assurances, and must do any other acts reasonably necessary, to perform their obligations under this Settlement Agreement and to carry out this Settlement Agreement's expressed intent.

       **5.15**    **Agreement Constitutes a Complete Defense.** To the extent permitted by law, this Settlement Agreement may be pled as a full and complete defense to, and may be used

as the basis for an injunction against, any action, suit, or other proceedings that may be instituted, prosecuted or attempted in breach of or contrary to this Settlement Agreement.

        **5.16**   **Execution Date.**  This Settlement Agreement is deemed executed on the date the Settlement Agreement is signed by all of the undersigned.

        **5.17**   **Counterparts.**  This Settlement Agreement may be executed in counterparts, each of which constitutes an original, but all of which together constitutes one and the same instrument. Several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies or other facsimiles of executed copies of this Settlement Agreement may be treated as originals.

        **5.18**   **Recitals.**  The Recitals are incorporated by this reference and are part of the Settlement Agreement.

        **5.19**   **Media.**  Neither of the Parties, Class Counsel, nor Sur La Table, Inc.'s Counsel shall issue, or cause to be issued, any press release regarding or make any similar public or media disclosure of the Settlement, the Settlement Agreement, the negotiations that culminated in the Settlement Agreement, or any of the facts or allegations comprising the Action.

        **5.20**   **Severability.**  If any provision of this Settlement is declared by the Court to be invalid, void, or unenforceable, the Settlement Agreement will be deemed null and void *ab initio*. In the event of such termination (a) the Preliminary Approval Order and all of its provisions, and the Final Order and Judgment and all of their provisions, will be vacated by their own terms, including, but not limited to, vacating certification of the Class, appointment of Plaintiff as class representative, appointment of Plaintiff's Counsel as Class Counsel, the Class Counsel Award, and the Plaintiff's Incentive Award; (b) the Action will revert to the status that existed before the Settlement Agreement's execution date; and (c) no term or draft of this Settlement Agreement, or any part of the Parties' settlement discussions, negotiations, or documentation will have any effect or be admissible in evidence for any purpose in the Action or any other proceeding. Notwithstanding the foregoing, the Parties may promptly agree in writing to (a) modify the Settlement Agreement and proceed with the Settlement, as described above in paragraph 5.12 (Modifications and Amendments); or (b) jointly appeal such a decision by the Court, in which case if, on appeal, the decision jointly appealed by the Parties is reversed and if, on remand, the Court approves the Settlement Agreement and enters the Final Judgment and Order substantially similar to the form appended hereto as **Exhibit F**, then the Settlement Agreement and Final Judgment and Order shall be given full force and effect according to their terms.

        **5.21**   **Inadmissibility.**  This Settlement Agreement (whether approved or not approved, revoked, or made ineffective for any reason) and any proceedings or discussions related to this Settlement Agreement are inadmissible as evidence of any liability or wrongdoing whatsoever in any Court or tribunal in any state, territory, or jurisdiction. Further, neither this Settlement Agreement, the Settlement contemplated by it, nor any proceedings taken under it, will be construed or offered or received in evidence as an admission, concession, or presumption that class certification is appropriate, except to the extent necessary to consummate this Settlement Agreement and obtain the binding effect of the Final Order and Judgment.

      **5.22**    **No Conflict Intended.**   Any inconsistency between this Settlement Agreement and the appended exhibits will be resolved in favor of this Settlement Agreement.

      **5.23**    **Notices.**  Except for the Notice Postcard, the Notice, and the Publication Notice, which shall be governed exclusively by the provisions set forth herein, all notices to the Parties' respective counsel required by this Settlement Agreement shall be made in writing and communicated by electronic and regular mail to the following addresses:

If to Plaintiff or Class Counsel:

Joseph J. Siprut, Esq.
Siprut P.C.
17 North State Street, Suite 1600
Chicago, IL 60602
jsiprut@siprut.com

If to Sur La Table, Inc. or Sur La Table, Inc.'s Counsel:

Andrew C. Glass, Esq.
K&L Gates LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
andrew.glass@klgates.com

      **5.24**    **List of Exhibits:**  The following exhibits are appended to this Settlement Agreement:

Exhibit A – [Proposed] Order Granting Preliminary Approval of Class Settlement
            and Provisional Class Certification

Exhibit B – Notice Postcard

Exhibit C – Notice

Exhibit D – Publication Notice

Exhibit E – Claim Form

Exhibit F – [Proposed] Final Order Approving Class Action Settlement and Judgment

**The Parties have agreed to the terms of this Settlement Agreement and have signed below**.

Dated: 02/12/2014         **PLAINTIFF ELIZABETH CHRISTENSEN**

Elizabeth Christensen,
Individually and in her Representative Capacity

Dated: 2/13/2014         **SIPRUT P.C.**

By: Joseph J. Siprut, Esq.,
Class Counsel, on behalf of the Class

Dated: _____         **DEFENDANT SUR LA TABLE, INC.**

By:_____

Title:_____

On behalf of Sur La Table, Inc.

**The Parties have agreed to the terms of this Settlement Agreement and have signed below**.

Dated:_____       **PLAINTIFF ELIZABETH CHRISTENSEN**


_____
Elizabeth Christensen,
Individually and in her Representative Capacity

Dated:_____       **SIPRUT P.C.**


_____
By: Joseph J. Siprut, Esq.,
Class Counsel, on behalf of the Class

Dated: 2 - 12 - 2014                  **DEFENDANT SUR LA TABLE, INC.**


_____
By: Debbie Brownfield
Title: CFO

On behalf of Sur La Table, Inc.

# Exhibit A

## [Proposed] Preliminary Approval and Provisional Class Certification Order

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| ELIZABETH CHRISTENSEN on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:13-cv-11357-GAO |
| v. | ) ) | Hon. George A. O'Toole, Jr. |
| SUR LA TABLE, INC., | ) ) | |
| Defendant. | ) | |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS
SETTLEMENT AND PROVISIONAL CLASS CERTIFICATION**

On _____, the Court heard plaintiff Elizabeth Christensen's motion for preliminary approval of class settlement and provisional class certification under Rule 23 of the Federal Rules of Civil Procedure. The Court reviewed the motion, including the Settlement Agreement and Release ("Settlement Agreement").[1] Based on this review and the findings below, the Court found good cause to grant the motion.

**FINDINGS:**

**1.** The Settlement Agreement is fair, reasonable, and adequate;

**2.** The Notice Postcard, Notice, Publication Notice, and Claim Form (appended to the Settlement Agreement) comply with due process because the notices and forms are reasonably calculated to adequately apprise Class Members of (a) the pending lawsuit, (b) the proposed Settlement, and (c) their rights, including the right to either participate in the Settlement, exclude themselves from the Settlement, or object to the Settlement;

---

[1]    This Order incorporates by reference the definition of any capitalized terms as set forth in the Settlement Agreement except as otherwise defined herein.

3. The Class is so numerous that joinder of all Class Members is impracticable;

4. Plaintiff's claim is typical of the Class's claim;

5. There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class Members; and

6. Class Certification is superior to other available methods for the fair and efficient adjudication of the controversy.

**IT IS ORDERED THAT:**

1. **Settlement Approval**. The Settlement Agreement, and the Notice Postcard, Notice, Publication Notice, and Claim Form, appended to the Settlement Agreement as Exhibits B – E, are preliminarily approved.

2. **Provision of Class Notice**. Class Action Administration, Inc. (the "Claims Administrator") is approved to act as Class Administrator and will notify Class Members of the Settlement in the manner specified under paragraph 3.3 of the Settlement Agreement.

3. **Claim for Vouchers**. Class Members who want to receive a Voucher under the Settlement Agreement must accurately complete and deliver a Claim Form to the address listed in the Claim Form no later than one hundred twenty (120) days after the Preliminary Approval Order is issued. The delivery date is deemed to be the date the Claim Form is deposited in the U.S. Mail as evidenced by the postmark, and if no such date can be discerned, the date five (5) days prior to the date the Claim Form is received by the Claims Administrator will control.

4. **Objection to Settlement**. Class Members who have not submitted a timely written Exclusion Request pursuant to paragraph 6 below and who want to object to the Settlement Agreement must deliver written objections to Class Counsel and Sur La Table Inc.'s Counsel, and must file such objections with the Court, no later than ninety (90) days after the Preliminary

Approval Order is issued. The delivery date is deemed to be the date the objection is deposited in the U.S. Mail as evidenced by the postmark, and if no such date can be discerned, the date the objection is received by the Court will control. The objection must include: (a) the name and case number of the Action, "*Christensen v. Sur La Table, Inc.*, Case No. 1:13-cv-11357-GAO"; (b) the full name, address, and telephone number of the person objecting; (c) a statement of each objection; and (d) a written brief detailing the specific reasons for each objection, including any legal and factual support for each objection, and providing any evidence in support of each objection. Any Class Member who files and serves a written objection, as described in this paragraph, may appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the Settlement Agreement; provided, however, that Class Members, or their attorneys, intending to make an appearance at the Fairness Hearing must also deliver to Class Counsel and Sur La Table, Inc.'s Counsel, and file with the Court, no later than ninety (90) days after the Preliminary Approval Order is issued, a Notice of Intention to Appear. Only Class Members who file and serve timely Notices of Intention to Appear may speak at the Fairness Hearing. The objection will not be valid if it only objects to the lawsuit's appropriateness or merits.

5. **Failure to Object to Settlement.** Class Members who fail to object to the Settlement Agreement in the manner specified above will: (a) be deemed to have waived their right to object to the Settlement Agreement; (b) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement; and (c) not be entitled to speak at the Fairness Hearing.

6. **Requesting Exclusion**. Class Members who want to be excluded from the Settlement must send a letter or postcard to the address listed in the Notice stating: (a) the name

and case number of the Action, "*Christensen v. Sur La Table Inc.*, Case No. 1:13-cv-11357-GAO"; (b) the full name, address, and telephone number of the person requesting exclusion; and (c) a statement that he or she does not wish to participate in the Settlement, postmarked no later than ninety (90) days after the Preliminary Approval Order is issued. No person shall purport to exercise any exclusion rights of any other person, or purport to exclude other Class Members as a group, aggregate, or class involving more than one Class Member, or as an agent or representative; any such purported exclusion shall be void, and the Class Member(s) that are the subject of the purported exclusion shall be treated as part of the Class for all purposes.

7. **Provisional Certification**. The Class is provisionally certified as a class of all persons with an address in the United States who, between June 6, 2009, and the date of entry of this Preliminary Approval Order, used a credit card to make a purchase at a Massachusetts Sur La Table, Inc. Store and whose Personal Identification Information, including, but not limited to, a Zip Code, was provided to and recorded by Sur La Table, Inc. during the transaction.

8. **Appointment of Class Representative and Class Counsel**. Plaintiff Elizabeth Christensen is certified as the class representative to implement the Parties' Settlement in accordance with the Settlement Agreement. The law firm of Siprut P.C., through Joseph Siprut, Esq., is appointed as Class Counsel. Plaintiff and Siprut P.C. must fairly and adequately protect the Class's interests.

9. **Termination**. If the Settlement Agreement terminates for any reason, the following will occur: (a) the Preliminary Approval Order and all of its provisions will be vacated, including, but not limited to, vacating conditional certification of the Class, conditional appointment of Plaintiff as class representative, and conditional appointment of Plaintiff's Counsel as Class Counsel, and this Order will not waive or otherwise impact the Parties' rights or arguments

in any respect; and (b) this Action will revert to its previous status in all respects as it existed immediately before the Parties executed the Settlement Agreement. No term or draft of this Settlement Agreement, or any part of the Parties' settlement discussions, negotiations, or documentation will have any effect or be admissible in evidence for any purpose in the Action or any other proceeding.

10. **No Admissions.** Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.

11. **Stay of Dates and Deadlines.** All discovery, and all pretrial proceedings and deadlines, are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

12. **Fairness Hearing**. On _____ [which date shall be no less than one hundred thirty (130) but no more than one hundred fifty (150) days after entry of this Preliminary Approval Order], the Court will hold a Fairness Hearing to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate. All papers supporting Plaintiff's request for attorneys' fees and costs must be filed no later than fourteen (14) days before the deadline for Class Members to object to the Settlement. All other papers supporting Final Approval of the Settlement Agreement must be filed no later than seven (7) days before the Fairness Hearing. This Court may order the Fairness Hearing to be postponed, adjourned, or continued. If that occurs, neither Sur La Table, Inc. nor the Claims Administrator will be required to provide additional notice to Class Members.


DATED:_____          _____
                                     Hon. George A. O'Toole, Jr.
                                     United States District Court Judge

# EXHIBIT B

**NOTICE POSTCARD**

Christensen v. Sur La Table Claims Administrator
c/o Class Action Administration, Inc.
PO Box 6878
Broomfield, CO  80021-0015

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE PAID
DENVER, CO
PERMIT 45

# *DES0001234*

List ID: CAA0123456

**YOU *MAY* BE A CLASS MEMBER IN A PROPOSED CLASS ACTION SETTLEMENT**

A proposed settlement has been given preliminary approval in a class action alleging that Sur La Table violated Massachusetts law by recording customers' Personal Identification Information as part of credit card transactions in violation of Mass. Gen. Laws c. 93 § 105(a).

[********spacing for postal barcode********]

11***********AUTO**3-DIGIT 999

[Class Member Name]
[Primary Address]
[Secondary Address]
[City, State  Zip]

Space below the dashed line is fixed for postal markings to a minimum 1.75″.

**YOU *MAY* BE A CLASS MEMBER IN A PROPOSED CLASS ACTION SETTLEMENT IF
YOU MEET *ALL* OF THE FOLLOWING CONDITIONS:**

    1.  *You purchased merchandise at a Sur La Table, Inc. ("Sur La Table") store located in the Commonwealth of Massachusetts between June 6, 2009, and [insert: date of entry of Preliminary Approval Order];*
    2.  *You paid for your purchase using a credit card; and*
    3.  *You provided Personal Identification Information, including, but not limited to, your Zip Code, to the Sur La Table store representative during the transaction.*

A proposed settlement has been given preliminary approval in a class action alleging that Sur La Table violated Massachusetts law by recording customers' Personal Identification Information as part of credit card transactions in violation of Mass. Gen. Laws c. 93 § 105(a). **Sur La Table denies any wrongdoing and that any law was violated. Receipt of this postcard does not mean that you are a member of the class or entitled to participate in this settlement.  The sole purpose of this notice is to inform you of the settlement so that you may decide what to do about it.**

Subject to the terms of the Settlement Agreement and the Court's approval, each eligible recipient who receives this postcard and who submits a timely and valid Claim Form under penalties of perjury may elect to receive a Voucher either for $5 off a Merchandise purchase, redeemable for one use within 12 months at a Sur La Table Store or for 20% off a Merchandise purchase up to $50, redeemable for one use within 6 months at a Sur La Table Store, each of which Voucher is subject to further restrictions as more fully set forth in the Notice.  If you believe you are a class member, you may: (a) fill out, sign and return a timely and valid Claim Form, (b) request exclusion from the settlement, or (c) object to the settlement.  You may only object to the settlement if you do not exclude yourself from it and you are a class member.  Valid Claims Forms must be postmarked by: **[DATE]**. Requests to be excluded from the settlement must be postmarked by: **[DATE]**. Objections to the settlement must be postmarked by: **[DATE]**.  For a full description of the proposed settlement, related Court documents, dates, and forms, please visit: **[WEBSITE]**.
**You may obtain the Notice and Claim Form, or get answers to questions about the settlement, online by visiting _____ [WEBSITE] or by calling toll-free 1-855-635-0616.**
**DO NOT CONTACT SUR LA TABLE OR THE COURT ABOUT THIS SETTLEMENT.**

# Exhibit C

### Notice

| | | |
|---|---|---|
| ELIZABETH CHRISTENSEN on behalf of | ) | |
| herself and all others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:13-cv-11357-GAO |
| | ) | |
| v. | ) | Hon. George A. O'Toole, Jr. |
| | ) | |
| SUR LA TABLE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF PENDENCY OF CLASS ACTION,
## PROPOSED SETTLEMENT, AND HEARING

**TO:** All persons with an address in the United States who, between June 6, 2009, and [insert: date of entry of Preliminary Approval Order], used a credit card to make a purchase at a Massachusetts Sur La Table, Inc. Store and whose Personal Identification Information, including, but not limited to, a Zip Code, was provided to and recorded by Sur La Table, Inc. during the transaction.

## IF YOU ARE A MEMBER OF THIS CLASS OF PERSONS, YOU SHOULD READ THIS NOTICE CAREFULLY BECAUSE IT WILL AFFECT YOUR LEGAL RIGHTS AND OBLIGATIONS.

A settlement has been proposed in a class action lawsuit pending in the U.S. District Court for the District of Massachusetts entitled *Elizabeth Christensen, an individual and on behalf of all others similarly situated v. Sur La Table, Inc.*, Case No. 1:13-cv-11357-GAO (the ***"Christensen Action"***). This Notice explains the nature of the lawsuit, the general terms of the proposed settlement, and your legal rights and obligations.

## GENERAL BACKGROUND OF THE CHRISTENSEN ACTION

Plaintiff Elizabeth Christensen (the ***"Class Representative"***) filed a class action lawsuit against Sur La Table, Inc. on behalf of the Class of persons described above. The lawsuit alleges that Sur La Table, Inc. violated Mass. Gen. Laws ch. 93A by requesting and recording personal identification information in the form of Zip Codes from Massachusetts Sur La Table, Inc. Store customers using a credit card allegedly in violation of Mass. Gen. Laws ch. 93 § 105(a), and seeks civil damages, including statutory damages, and attorneys' fees. Sur La Table, Inc. denies any wrongdoing and any liability whatsoever, and no court or other entity has made any judgment or other determination of any liability.

The Parties have determined that it is in their best interests to settle the Christensen Action to avoid the expenses, inconveniences, and interferences with ongoing business operations that are

associated with litigation. In addition, the U.S. District Court for the District of Massachusetts has determined that the Christensen Action should proceed as a class action, for settlement purposes only, with Plaintiff Elizabeth Christensen as the Class Representative, and granted preliminary approval of the settlement, subject to a final fairness hearing discussed below.

## THE PROPOSED SETTLEMENT

Sur La Table, Inc. has acted, and continues to act, in compliance with Mass. Gen. Laws ch. 93 § 105(a). Sur La Table, Inc. agrees to provide for each Class Member who properly and timely completes a Claim Form, a single Voucher – either a Voucher for $5 off a Merchandise purchase, redeemable for one use in 12 months (*"Type-A Voucher"*), or a Voucher for 20% off a Merchandise purchase up to $50, redeemable for one use in 6 months (*"Type-B Voucher"*), each to be used only on regularly-priced Merchandise, and each non-transferable and not to be combined with other offers by Sur La Table, Inc. to its customers. The Vouchers will be subject to the following conditions: (a) Vouchers shall be valid for 6 or 12 months after issuance depending on the type of Voucher; (b) each Class Member is entitled to receive only one (1) Voucher regardless of the number of transactions or alleged violations; (c) Vouchers are for a single-use only (may be used only one time) and must be tendered and relinquished to a Sur La Table, Inc. sales associate at the time of use; (d) Vouchers shall be redeemable only for in-store purchases of Merchandise at Sur La Table, Inc. Stores; (e) Vouchers are non-transferable; (f) Vouchers are not redeemable for cash, including no cash back; (g) Vouchers will not be valid for past purchases; (h) Vouchers will not be replaced if lost, stolen, expired, or destroyed; (i) Class Members are responsible for any applicable sales tax; (j) the Vouchers may not be used on sale item(s); and (k) the Vouchers may not be combined with any other discount program, promotional coupon, or Voucher. Due to variability in the products and pricing offered by Sur La Table, Inc. at different times during the year, Sur La Table, Inc. cannot state what items will be available in any Sur La Table, Inc. Store when you redeem your Voucher.

If a Class Member submits a Claim Form but fails to elect which type of Voucher he or she wishes to receive, elects both types of Vouchers, or submits two claim forms that elect different types of Vouchers, the Class Member will receive a Type-A Voucher.

The Class Representative will request an incentive award of $1,500 for her services as Class Representative and her efforts in bringing the Christensen Action. The attorneys for the Class (*"Class Counsel"*) will request to be paid up to a maximum of $100,000 total for their attorneys' fees and costs. The Court will make the final decision as to the amounts to be paid to the Class Representative and Class Counsel. These amounts will not affect the benefits provided to the Class.

## HOW TO RECEIVE YOUR VOUCHER

You must complete a Claim Form and return it by U.S. Mail so that it is postmarked no later than [insert date one hundred twenty (120) days after the Preliminary Approval Order is issued]:

*Christensen v. Sur La Table, Inc.* Claims Administrator
c/o Class Action Administration
PO Box 6878
Broomfield, CO  80021

To be considered valid, the completed Claim Form must contain (1) the Class Member's name and residential street address (including city, state, and Zip Code); (2) a declaration that the Class Member purchased merchandise at a Massachusetts Sur La Table, Inc. Store between June 6, 2009, and the date of entry of the Preliminary Approval Order using a credit card and provided Personal Identification Information to Sur La Table, Inc. during the transaction; and (3) the Class Member's signature made under the penalty of perjury under the laws of the United States of America.

**If you do not submit a valid and timely Claim Form, you will not receive a Voucher, but you will still be bound by the terms of the settlement, including, without limitation, the dismissal of the action with prejudice and release described below, unless you exclude yourself.** The delivery date is deemed to be the date the Claim Form is deposited in the U.S. Mail as evidenced by the postmark, and if no such date can be discerned, the date five (5) days prior to the date the Claim Form is received by the Claims Administrator will control.

### DISMISSAL OF ACTION AND RELEASE OF ALL CLAIMS

If the Court approves the proposed Settlement Agreement, it will enter a judgment in the Christensen Action with prejudice as to all Class Members. The Class Representative and all Class Members who do not validly and timely request to be excluded from the proposed settlement, and each of their respective successors, assigns, legatees, heirs, attorneys, and personal representatives release and forever discharge Sur La Table, Inc., and each of its direct or indirect parents, wholly or majority-owned subsidiaries, affiliated and related entities, predecessors, successors, assigns, partners, and privities, and any of their present and former directors, officers, employees, shareholders, agents, representatives, attorneys, accountants, and insurers, and all persons acting by, through, under or in concert with them, or any of them, from all manner of actions, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent, which they have or may have arising out of or relating to any of the acts, omissions or other conduct, including, but not limited to, Sur La Table, Inc.'s collection of Personal Identification Information, that have or could have been alleged or that otherwise are or could have been referred to in the Christensen Action including, but not limited to, any and all violations of Mass. Gen. Laws ch. 93 § 105(a) (including all subsections) and Mass. Gen. Laws ch. 93A (including all sections and subsections).

In addition, the Class Representative and all Class Members who do not validly and timely request to be excluded from the proposed settlement, and each of their respective successors, assigns, legatees, heirs, attorneys, and personal representatives, intentionally, knowingly, and expressly waive and relinquish, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by any law of the United States, any state or territory of the United States or any law or principle of common law or equity that governs or limits a person's release of unknown claims referred to above, including, without limitation, the provisions, rights, and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Class Representative and all Class Members fully understand and acknowledge that the facts on which this Settlement Agreement is executed may be different from the facts now believed by Class Representative, the Class Members, and Class Counsel to be true and expressly accept and assume the risk of this possible difference in facts and agree that this Settlement Agreement remains effective despite any difference in facts. Further, the Class Representative and the Class Members agree that this waiver is an essential and material term of this release and the Settlement that underlies it and that without such waiver the Settlement would not have been accepted.

## FAIRNESS HEARING

On _____ at _____.m., a hearing will be held on the fairness of the proposed settlement. At the hearing, the Court will be available to hear objections and arguments concerning the proposed settlement's fairness. The hearing will take place before the Honorable George A. O'Toole, Jr. in Courtroom 9 (3rd Floor) of the U.S. District Court for the District of Massachusetts, located at 1 Courthouse Way, Boston, MA 02210.

## HOW TO EXCLUDE YOURSELF FROM THE SETTLEMENT

You may exclude yourself from the Class and the settlement. If you want to be excluded, you must send a letter or postcard by U.S. Mail stating: **(a)** the name and case number of the Christensen Action, "*Christensen v. Sur La Table, Inc.*, Case No. 1:13-cv-11357-GAO"; **(b)** your full name, address, and telephone number; and **(c)** a statement that you do not wish to participate in the settlement, postmarked no later than [insert date ninety (90) days after the Preliminary Approval Order is issued] to the following address:

*Christensen v. Sur La Table, Inc.* Claims Administrator
c/o Class Action Administration
PO Box 6878
Broomfield, CO 80021

If you timely request exclusion from the Class, you will be excluded from the Class, you will not receive a Voucher, you will not be bound by the judgment entered in the Christensen Action, and you will not be precluded from prosecuting any timely, individual claim against Sur La Table, Inc. based on the conduct complained of in the Christensen Action.

## HOW TO OBJECT TO THE SETTLEMENT

If you wish to object to the settlement, you must file a written objection with the Court and serve such objection on Class Counsel and Sur La Table, Inc.'s Counsel at the addresses set forth below no later than [insert date ninety (90) days after the Preliminary Approval Order is issued].

| CLASS COUNSEL | SUR LA TABLE, INC.'S COUNSEL |
|---|---|
| JOSEPH J. SIPRUT, ESQ. | ANDREW C. GLASS, ESQ. |
| SIPRUT P.C. | K&L GATES LLP |
| 17 NORTH STATE ST., SUITE 1600 | ONE LINCOLN STREET |
| CHICAGO, IL 60602 | BOSTON, MA 02111 |

Any written objections must state: **(a)** the name and case number of the Christensen Action, "*Christensen v. Sur La Table, Inc.*, Case No. 1:13-cv-11357-GAO"; **(b)** the full name, address, and telephone number of the objector; **(c)** the words "Notice of Objection" or "Formal Objection"; (**d**) statement of each objection; and **(e)** a written brief stating in clear and concise terms the legal and factual arguments supporting each objection and any evidence you wish to introduce in support of each objection. You may, but need not, file and serve your objection through counsel of your choice. If you do make your objection through an attorney, you will be responsible for your personal attorney's fees and costs.

**<u>IF YOU DO NOT TIMELY MAKE YOUR OBJECTION, YOU WILL BE DEEMED TO HAVE WAIVED ALL OBJECTIONS AND WILL NOT BE ENTITLED TO SPEAK AT THE FAIRNESS HEARING.</u>**

If you file and serve a written objection, you may appear at the Fairness Hearing, either in person or through personal counsel hired at your expense, to object to the Settlement Agreement; provided, however, that if you, or your attorney, intend to make an appearance at the Fairness Hearing, you must also deliver to Class Counsel and Sur La Table, Inc.'s Counsel, and file with the Court, no later than [insert date ninety (90) days after the Preliminary Approval Order is issued], a Notice of Intention to Appear. You are not required, however, to appear. Only Class Members who file and serve timely Notices of Intention to Appear may speak at the Fairness Hearing.

### HOW TO DECLINE FUTURE MARKETING COMMUNICATIONS FROM SUR LA TABLE, INC.

If you do not want to receive any future communications regarding information about products, services, and offers (***"Marketing Communications"***) from Sur La Table, Inc., you may opt-out of receiving them by contacting Sur La Table, Inc. by phone at 1-800-243-0852 or by email at customerservice@surlatable.com. Please be sure to include your full name, email address, telephone number, and mailing address, and indicate that you do not wish to receive future Marketing Communications from Sur La Table, Inc.

### ADDITIONAL INFORMATION

This description of the Christensen Action is general and does not cover all of the issues and proceedings that have occurred. To see the complete file, you may visit the website of the Administrative Office of the U.S. Courts, PACER Service Center, located at http://pacer.psc.uscourts.gov/. You may also visit or call the Clerk's office at the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, MA 02210, (617) 748-9152, for an explanation of how to obtain the file for inspection and copying at your own expense.

For additional questions about the settlement, you may contact the Claims Administrator toll-free at 1-855-635-0616, or by visiting www._____.com.

**DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT TO THE CLERK OF THE COURT OR THE JUDGE.**

Dated: _____, 201_     By: Order of the U.S. District Court for the District of Massachusetts
                                               HONORABLE GEORGE A. O'TOOLE, JR.
                                               UNITED STATED DISTRICT COURT JUDGE

EXHIBIT D

PUBLICATION NOTICE

# LEGAL NOTICE OF CLASS ACTION SETTLEMENT

**If you made a credit card purchase at a Massachusetts Sur La Table, Inc. Store between June 6, 2009 and [insert date of entry of Preliminary Approval Order], and your Personal Identification Information (for example, your Zip Code) was provided to and recorded by a Sur La Table, Inc. employee during the transaction, and you have a U.S. address, you may be a class member in a lawsuit titled *Elizabeth Christensen v. Sur La Table, Inc.,* pending in the U.S. District Court for the District of Massachusetts, Case No. 1:13-cv-11357-GAO (the "Christensen Action"). A proposed settlement of this class action has been reached. If you are a class member, the proposed settlement will affect your legal rights and obligations.**

As part of the proposed settlement, Class Members who timely file a valid Claim Form are eligible to receive their choice of one of two types of Vouchers: (1) a Voucher for $5 off of a Merchandise purchase (no minimum purchase required; no cash back), redeemable for one use in 12 months, or (2) a Voucher for 20% off a Merchandise purchase up to $50, redeemable for one use in 6 months – each to be used only on regularly-priced Merchandise, and each non-transferable and not to be combined with other offers by Sur La Table, Inc. The Vouchers may be used at Sur La Table, Inc. Stores (with other limitations provided in paragraph 2.3 of the Settlement Agreement). Sur La Table, Inc. may verify the accuracy of information set forth in any submitted Claim Form and may require proof of purchase.

You may obtain a copy of the full Notice and a Claim Form from the settlement website, **[enter website],** calling the Claims Administrator toll-free at 1-855-635-0616, or by mailing to the following address:

*Christensen v. Sur La Table, Inc.* Claims Administrator
c/o Class Action Administration
PO Box 6878
Broomfield, CO  80021

**You must act on or before [insert date one hundred twenty (120) days after the Preliminary Approval Order is issued] to make a claim under the proposed settlement.** If you object to the proposed Settlement Agreement or wish to be excluded from it, you must do so on or before [insert date ninety (90) days after the Preliminary Approval Order is issued]. If you do not request to be excluded from the settlement before [insert date ninety (90) days after the Preliminary Approval Order is issued], you will be bound by the terms of the settlement, including, without limitation, the dismissal of the Christensen Action with prejudice and a release of Sur La Table, Inc. from all claims described in the full Notice.

**THE COURT WILL HOLD A FAIRNESS HEARING ON _____, AT ____.M., TO DETERMINE WHETHER TO APPROVE THE SETTLEMENT. IF YOU SUBMIT A VALID AND TIMELY CLAIM FORM, YOU WILL RECEIVE A VOUCHER ONLY IF THE COURT APPROVES THE SETTLEMENT.**

**DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT OR THE LITIGATION TO THE CLERK OF THE COURT OR THE JUDGE.**

Dated: _____, 201_          By: Order of the U.S. District Court for the District of Massachusetts
                                     HONORABLE GEORGE A. O'TOOLE, JR.
                                     UNITED STATED DISTRICT COURT JUDGE

# EXHIBIT E

## CLAIM FORM

# SUR LA TABLE, INC. CLAIM FORM

## U.S. District Court for the District of Massachusetts

*Christensen v. Sur La Table, Inc.*, Case No. 1:13-cv-11357-GAO ("Christensen Action")

**YOU MUST SUBMIT YOUR CLAIM FORM NO LATER THAN [INSERT DATE ONE HUNDRED TWENTY (120) DAYS AFTER THE PRELIMINARY APPROVAL ORDER IS ISSUED].**

*By submitting this claim form, you will be included as a member of the Class identified in the Notice. All fields must be completed in order for this Claim Form to be valid and for you to be eligible to receive a Voucher. If you also submit a request for exclusion from the Class and Settlement, the request for exclusion will be deemed invalid.*

**PERSONAL INFORMATION.**

Please legibly print or type the following information:

Name (first, middle, and last): _____

Residential Street Address: _____

City, State, and Zip Code: _____

Telephone Number: (_____)_____

Email Address: _____

**PURCHASE INFORMATION.**

**I declare the following:**

1. During the period of time between June 6, 2009, and [the Date of Entry of the Court's Preliminary Approval Order], I purchased merchandise at a Sur La Table, Inc. store.

2. The Sur La Table, Inc. store was located in the Commonwealth of Massachusetts.

3. I used a credit card to pay for my purchase at the Massachusetts Sur La Table, Inc. Store.

4. I provided my Personal Identification Information, including, but not limited, to my Zip Code, during the transaction occurring at a Massachusetts Sur La Table, Inc. Store between June 6, 2009, and [the Date of Entry of the Court's Preliminary Approval Order].

*You are entitled to receive only one (1) Voucher regardless of the number of transactions or alleged violations you may have incurred. Sur La Table, Inc. may verify the accuracy of your claim. Please retain in your possession any receipts, credit card statements, bank statements, or other documents that support your claim.*

**ELECTION OF VOUCHER (CHOOSE ONE).**

☐    **$5 Credit Voucher** - I wish to receive a Voucher for $5 off a Merchandise purchase, redeemable for one use within 12 months at a Sur La Table, Inc. Store ("Type-A Voucher"). I understand that I will not receive cash back if I do not use the full value of the Voucher. The Voucher may be used only on regularly-priced Merchandise, is non-transferable, and cannot be combined with other offers by Sur La Table, Inc. to its customers.

☐    **20% Discount Voucher** - I wish to receive a Voucher for 20% off a Merchandise purchase up to $50, redeemable for one use within 6 months at a Sur La Table, Inc. Store ("Type-B Voucher"). The Voucher may be used only on regularly-priced Merchandise, is non-transferable, and cannot be combined with other offers by Sur La Table, Inc. to its customers.

**IF YOU SUBMIT AN OTHERWISE PROPER AND TIMELY CLAIM FORM, BUT EITHER: (1) CHECK BOTH BOXES, (2) FAIL TO CHECK EITHER BOX, OR (3) SUBMIT TWO CLAIM FORMS THAT ELECT DIFFERENT TYPES OF VOUCHERS, SUR LA TABLE, INC. WILL PROVIDE YOU WITH ONE TYPE-A VOUCHER, WHICH MAY BE USED ONLY ON REGULARLY-PRICED MERCHANDISE, IS NON-TRANSFERABLE, AND CANNOT BE COMBINED WITH OTHER OFFERS BY SUR LA TABLE, INC. TO ITS CUSTOMERS. ALL VOUCHERS ARE SUBJECT TO ADDITIONAL LIMITATIONS SET FORTH IN PARAGRAPH 2.3 OF THE SETTLEMENT AGREEMENT.**

***You must complete and sign the back of this claim form.***

**RELEASE OF CLAIMS.**

On behalf of myself and my successors, assigns, legatees, heirs, attorneys, and personal representatives, I release and forever discharge Sur La Table, Inc. and each of its direct or indirect parents, wholly or majority owned subsidiaries, affiliated and related entities, predecessors, successors, assigns, partners, and privities, and any of their present and former directors, officers, employees, shareholders, agents, representatives, attorneys, accountants, and insurers, and all persons acting by, through, under or in concert with them, or any of them, from all manner of actions, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent, which I have or may have arising out of or relating to any of the acts, omissions or other conduct, including, but not limited to, Sur La Table, Inc.'s collection of Personal Identification Information, that have or could have been alleged or that otherwise are or could have been referred to in the Christensen Action including, but not limited to, any and all violations of Mass. Gen. Laws ch. 93 § 105(a) (including all subsections) and Mass. Gen. Laws ch. 93A (including all sections and subsections).

In addition, on behalf of myself and my successors, assigns, legatees, heirs, attorneys, and personal representatives, I intentionally, knowingly, and expressly waive and relinquish, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by any law of the United States, any state or territory of the United States or any law or principle of common law or equity that governs or limits a person's release of unknown claims referred to above, including, without limitation, the provisions, rights and benefits of Section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

I fully understand and acknowledge that the facts on which the Settlement Agreement is executed may be different from the facts now believed by myself, Named Plaintiff, and Class Counsel to be true and expressly accept and assume the risk of this possible difference in facts and agree that this release and the Settlement Agreement remains effective despite any difference in facts. Further, I agree that this waiver is an essential and material term of this release and the Settlement that underlies it and that without such waiver the Settlement would not have been accepted.

**THIS FORM MUST BE COMPLETED AND RETURNED TO THE FOLLOWING ADDRESS BY U.S. MAIL SO THAT IT IS POSTMARKED ON OR BEFORE [INSERT DATE ONE HUNDRED TWENTY (120) DAYS AFTER THE PRELIMINARY APPROVAL ORDER IS ISSUED]:**

*Christensen v. Sur La Table, Inc.* Claims Administrator
c/o Class Action Administration
PO Box 6878
Broomfield, CO  80021

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

Dated: _____    Signature: _____

# EXHIBIT F

## [PROPOSED] FINAL ORDER AND JUDGMENT

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ELIZABETH CHRISTENSEN on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:13-cv-11357-GAO |
| v. | ) ) | Hon. George A. O'Toole, Jr. |
| SUR LA TABLE, INC., | ) ) ) | |
| Defendant. | ) | |

## [PROPOSED] FINAL ORDER APPROVING CLASS ACTION SETTLEMENT

On _____, the Court heard plaintiff Elizabeth Christensen's ("Plaintiff")
Motion for Final Approval of Proposed Class Settlement (Dkt. No. __) and Plaintiff's Motion for
Attorneys' Fees, Costs, Expenses, and Incentive Fees (Dkt. No. __). The Court reviewed: (a) the
motion and the supporting papers, including, the Settlement Agreement and Release ("Settlement
Agreement"); (b) any objections filed with or presented to the court (Dkt No. __); and (c) the
Parties' responses to any objections.[2] The Court also considered the oral argument of counsel and
any objectors who appeared. Based on this review and the findings below, the Court found good
cause to grant the motion.

**FINDINGS:**

**1.** The Settlement Agreement is fair, reasonable, and adequate. The Settlement
Agreement was negotiated at arm's length, in good faith, by capable and experienced counsel, with
full knowledge of the facts, the law, and the risks inherent in litigating the Action, and with the
active involvement of the Parties. Moreover, the Settlement confers economic benefits on the

---

[2] This Order incorporates by reference the definition of any capitalized terms as set forth in the Settlement
Agreement except as otherwise defined herein.

Class Members, is not contrary to the public interest, and will provide the Parties with repose from litigation.

2.      The Parties adequately performed their obligations under the Settlement Agreement.

3.      Class Action Administration, Inc. (the "Claims Administrator") provided notice to Class Members in compliance with paragraph 3.3 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice: (a) fully and accurately informed Class Members about the lawsuit and Settlement; (b) provided sufficient information so that Class Members were able to decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the proposed Settlement; (c) provided procedures for Class Members to file written objections to the proposed Settlement, to appear at the Fairness Hearing, and to state objections to the proposed Settlement; and (d) provided the time, date, and place of the Fairness Hearing.

4.      As set forth in the separate order granting Named Plaintiff's and Class Counsel's motion for attorneys' fees and costs, an award of $_____ [not exceeding $100,000.00] in attorneys' fees and costs to Class Counsel is fair and reasonable in light of the nature of this case, Class Counsel's experience and efforts in prosecuting this Action, and the benefits obtained for the Class.

5.      An incentive award to Plaintiff Elizabeth Christensen of $_____ [not exceeding $1,500.00] is fair and reasonable in light of: (a) Plaintiff's risks in commencing this Action as the Class Representative; (b) the time and effort spent by Plaintiff in litigating this action as the Class Representative; and (c) Plaintiff's public interest service.

**IT IS ORDERED THAT:**

6.     **Class Members**.  The Class Members are defined as:

> All persons with an address in the United States who, between June 6, 2009, and the date of entry of the Preliminary Approval Order, used a credit card to make a purchase at a Massachusetts Sur La Table, Inc. store and whose personal identification information, including, but not limited to, a Zip Code, was provided to and recorded by Sur La Table, Inc. during the transaction.

7.     **Binding Effect of Order**.  This order applies to all claims or causes of action settled under the Settlement Agreement, and binds Plaintiff and all Class Members, including those who did not properly request exclusion under paragraph 6 of the Order Granting Preliminary Approval of Class Settlement and Provisional Class Certification.  This order does not bind persons who filed a timely and valid Exclusion Request.  Attached hereto as Exhibit A is a list of persons who properly requested to be excluded from the Settlement.

8.     **Release**.  Plaintiff and all Class Members who did not properly request exclusion are: (1) deemed to have released and discharged Sur La Table, Inc. from all claims arising out of or asserted in this Action and all claims released under the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims.  The full terms of the release described in this paragraph are set forth in paragraphs 4.2 and 4.3 of the Settlement Agreement and are specifically approved and incorporated herein by this reference (the "Release").

9.     **Class Relief**.  The Claims Administrator will mail a single Voucher to each Class Member who submitted a valid and timely Claim Form as provided in the Settlement Agreement pursuant to the timeline stated in paragraph 3.15 of the Settlement Agreement.

10.     **Appointment of Class Representative and Class Counsel**.  As previously appointed, Plaintiff Elizabeth Christensen is certified as the class representative to implement the

Parties' Settlement in accordance with the Settlement Agreement.  As previously appointed, the law firm of Siprut P.C., through Joseph Siprut, Esq., is Class Counsel.  Plaintiff and Siprut P.C. must fairly and adequately protect the Class's interests.

11.    **Attorney's Fees and Costs**.  Class Counsel is awarded $_____ [not to exceed $100,000.00] in fees and costs.  Payment shall be made pursuant to the timeline stated in paragraph 2.4 of the Settlement Agreement.

12.    **Incentive Award**.    Plaintiff   Elizabeth   Christensen   is   awarded $_____ [not to exceed $1,500.00] as an incentive award.  Payment shall be made pursuant to the timeline stated in paragraph 2.5 of the Settlement Agreement.

13.    **Dismissal with Prejudice.**  The Court hereby dismisses the Action in its entirety with prejudice, and without fees or costs except as otherwise provided for herein.

14.    **Termination.**  If the Final Settlement Date does not occur for any reason, the following will occur:  (a) the Final Order and Judgment and all of their provisions, will be vacated by their own terms, including, but not limited to, vacating certification of the Class, appointment of Plaintiff as class representative, appointment of Plaintiff's Counsel as Class Counsel, the Class Counsel Award, and the Plaintiff's Incentive Award, and the Final Order and Judgment will not waive or otherwise impact the Parties' rights or arguments in any respect; and (b) the Action will revert to the status that existed before the Settlement Agreement's execution date.  No term or draft of this Settlement Agreement, or any part of the Parties' settlement discussions, negotiations, or documentation will have any effect or be admissible in evidence for any purpose in the Action or any other proceeding.

15.    **Court's Jurisdiction**.  Pursuant to the Parties' request, the Court will retain jurisdiction over this Action and the Parties until final performance of the Settlement Agreement.

**16.** **Entry of Judgment.** The Clerk of Court is hereby directed to enter as a separate document on the docket the accompanying Judgment.

DATED:_____        _____
                                       Hon. George A. O'Toole, Jr.
                                       United States District Court Judge

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| ELIZABETH CHRISTENSEN on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:13-cv-11357-GAO |
| v. | ) ) | Hon. George A. O'Toole, Jr. |
| SUR LA TABLE, INC., | ) ) | |
| Defendant. | ) | |

### [PROPOSED] JUDGMENT

WHEREAS, on _____ , the Court granted the Preliminary Approval Order conditionally approving the Settlement in this Action;[1] and

WHEREAS, on _____ , the Court granted the Final Order in this Action granting final approval to the Settlement, finding that the Settlement is fair, reasonable, and adequate within the meaning of Rule 23(e) of the Federal Rules of Civil Procedure and applicable law; and

WHEREAS, Plaintiff and the Class Members who did not validly and timely request to be excluded from the proposed settlement have provided the Release to Sur La Table, Inc. as set forth in paragraphs 4.2 and 4.3 of the Settlement Agreement and the Final Order; and

WHEREAS, the Final Order dismissed the Action in its entirety with prejudice, and without fees or costs except as otherwise provided for in the Final Order.

NOW, THEREFORE, the Court hereby enters judgment in this Action pursuant to Rule 58 of the Federal Rules of Civil Procedure.

---

[1] This Judgment incorporates by reference the definition of any capitalized terms as set forth in the Settlement Agreement except as otherwise defined in the Final Order or herein.

IT IS SO ORDERED.


DATED:_____          _____
                                       Hon. George A. O'Toole, Jr.
                                       United States District Court Judge

# Signature Certificate



 Document Reference: H47NMSINZ3H4K7GANDKSPG



**Elizabeth Christensen**
Party ID: KLMVSSJH2LFIGJWREE8DVW
IP Address: 108.49.156.97

| VERIFIED EMAIL: | mucubfan@gmail.com



Multi-Factor
**Digital Fingerprint Checksum**   a143e0cbfbb5daa9e491c8bd2fe1a203ad2f84c5



| Timestamp | Audit |
|-----------|-------|
| 2014-02-12 17:13:49 -0800 | All parties have signed document. Signed copies sent to: Elizabeth Christensen and Cavanaugh Brandon. |
| 2014-02-12 17:13:49 -0800 | Document signed by Elizabeth Christensen (mucubfan@gmail.com) with drawn signature. - 108.49.156.97 |
| 2014-02-12 17:10:28 -0800 | Document viewed by Elizabeth Christensen (mucubfan@gmail.com). - 108.49.156.97 |
| 2014-02-12 13:25:16 -0800 | Document created by Cavanaugh Brandon (bcavanaugh@siprut.com). - 72.54.206.81 |

 This signature page provides a record of the online activity executing this contract.

**Page 1 of 1**



<u>**SIPRUT PC FIRM RESUME**</u>

Siprut PC is a commercial litigation firm based in Chicago, with additional offices in San Diego and Boston. The firm focuses its practice exclusively on litigation and pre-litigation counseling, encompassing a wide variety of areas and issues. The firm's primary practice groups broadly include plaintiffs' class action litigation (with a particular emphasis on consumer law issues) and complex business litigation, including particularly *qui tam* and whistleblower litigation; professional malpractice litigation; intellectual property and patent litigation; and employment practices.

Siprut PC and its attorneys have successfully procured judgments or settlements in scores of cases in state and federal courts across the country, many of which have received extensive media coverage.

<u>**CLASS ACTION AND CONSUMER LITIGATION**</u>

Siprut PC prosecutes class actions across a wide variety of industries.  The firm and its attorneys have been appointed lead or co-lead counsel in nationwide class actions across the country and have recovered hundreds of millions of dollars on behalf of consumers:

- *In re Southwest Airlines Voucher Litigation* (Case No. 11-cv-8176, N.D. Ill.): Appointed lead counsel in nationwide class action relating to Southwest's unilateral cancellation of drink vouchers paid for by business select travelers. Settlement valued up to $58 Million granted final approval.

- *Arrington, et al. v. National Collegiate Athletic Association* (Case No. 11-cv-06356, N.D. Ill.): Appointed co-lead interim class counsel in a nationwide class action against the NCAA on behalf of current and former collegiate athletes.

- *In re Energizer Sunscreen Litigation*, (Case No. 13-cv-00131, N.D. Ill.): Appointed lead counsel in nationwide class action relating to defective sunscreen nozzles manufactured by Energizer. Settlement valued up to $200 Million granted preliminary approval.

- *Foos v. Ann, Inc.* (Case No. 11-cv-02794-L-MDD, S.D. Cal.): Appointed lead counsel in class action on behalf of California consumers for violations of the Song-Beverly Act. Settlement valued at $2,323,500 received final approval.

- *Lamb v. Bitech, Inc.* (Case No. 3:11-cv-05583-EDL, N.D. CA): Appointed lead counsel in class action on behalf of California consumers for violations of the Song-Beverly Act. Class-wide settlement on behalf of 30,000 California residents preliminarily approved.

- *Golba v. Dick's Sporting Goods, Inc.* (Case No. 30-2011-00472227, CA Superior Ct.): Appointed lead counsel in class action on behalf of California consumers for



violations of the Song-Beverly Act. Settlement valued at $1,150,000 granted final approval.

- *Banakus v. United Continental Holdings, et al.* (Case No. 12-cv-06244, N.D. Ill.): Appointed co-lead interim class counsel in a nationwide class action pertaining to United's unilateral, retroactive devaluation of the benefits earned by premier members.

- *In re Barnes & Noble Pin Pad Litigation* (Case No. 12-cv-8617, N.D. Ill.): Appointed co-lead counsel in nationwide class action relating to a security breach exposing the personal information of hundreds of thousands of consumers nationwide.

- *Goodman v. Casting360, LLC* (Case No. 12-cv-09851, N.D. Ill.): Appointed lead counsel in nationwide class action for violations of the federal Telephone Consumer Protection Act.

- *Kruse, et al. v. Citigroup, Inc.* (Case No. 11-cv-01003-AG-AN, C.D. CA): Appointed lead counsel in a nationwide class action against Citigroup for a massive data breach exposing the personal information of hundreds of thousands of consumers nationwide.

Additional representative class actions that the firm is currently prosecuting as lead counsel include:

- *Bellville v. Ford Motor Co.* (Case No. 3:13-cv-06529, S.D. W. Va.): Nationwide class action relating to "sudden acceleration" in certain Ford vehicles.

- *Astor Professional Search, LLC v. MegaPath, Inc.* (Case No. 12-cv-02313, N.D. Ill.): Nationwide class action related to MegaPath's failure to alert customers of e-mail deliverability problems.

- *Yuncker v. Pandora Media, Inc.* (Case No. 11-cv-3113-DMR, N.D. CA): Nationwide class action relating to Pandora's collection and dissemination of consumers' personally identifiable information without consent.

- *Hodges v. Apple Inc.* (Case No. 3:13-cv-01128-EMC, N.D. CA): Nationwide class action relating to product defects in MacBook Pro computers.

## BUSINESS AND COMMERCIAL LITIGATION

Siprut PC handles complex commercial and business litigation matters in Illinois and throughout the United States, including claims involving:

- Patent litigation
- Professional liability
- Breach of contract


- Partnership disputes
- Real estate and lease disputes
- Copyright litigation
- Business fraud
- Unfair trade practices
- Theft of trade secrets

## ATTORNEYS

JOSEPH SIPRUT is the founder and managing partner of Siprut PC. His practice encompasses a wide spectrum of litigation, with an emphasis on challenging cases against powerful, well-funded adversaries. He has been appointed lead or co-lead class counsel in some of the largest and most complex class actions in the country, and has substantial first-chair experience in all aspects of litigation, including trial, arbitration, and mediation. He was named a "Super Lawyer" in Illinois for Class Action Litigation, and holds an *AV Preeminent* rating by Martindale Hubble, the highest possible peer review rating. Mr. Siprut was also selected for membership in the *Multi-Million Dollar Advocates* forum, one of the most prestigious groups of trial lawyers in the United States. Membership is limited to attorneys who have won million and multi-million dollar verdicts and settlements, and fewer than 1% of U.S. lawyers are members.

Mr. Siprut has appeared in dozens of publications and television and radio broadcasts worldwide, including CBS Radio, NPR, ESPN, Bloomberg Law, Law360, the Chicago Tribune, and more. He has been deemed by the media as the "Friend of the Frequent Fliers" for his successful litigation crusades against the airline industry on behalf of airline customers, as well as a "Leading Sports Reformer" for his advocacy to combat the problem of concussions and head injuries in college sports.

Mr. Siprut is an Adjunct Professor at Northwestern University School of Law, where he teaches in the Trial Advocacy program. He is a frequent author and speaker, having published over 25 articles in the nation's leading law reviews and legal journals on topics including the right of privacy, copyright litigation, and contract doctrine, as well as litigation strategy and tactics. He was appointed as a member of the Illinois ARDC Hearing Board, and is also a member of the Advisory Board for the Fair Contracts Project, an initiative focused on counteracting the implications of fine print in standard form consumer contracts.

Mr. Siprut is a graduate of Northwestern University School of Law, where he served as the Managing Editor of the Northwestern Law Review and was selected to represent Northwestern in national competition as a member of its National Moot Court team. He was also awarded the Institute for Humane Studies Fellowship, a national fellowship competition for law and graduate study.

Prior to founding Siprut PC, Mr. Siprut spent his career practicing at some of the top corporate litigation firms in the country. Mr. Siprut has been recognized by the Law in Public Service Committee of the ABA for his dedication to pro bono work. He is admitted to practice in



Illinois, the United States District Court for the Northern District of Illinois (including its Trial Bar), the Seventh Circuit Court of Appeals, and the United States Supreme Court. For over five years, Mr. Siprut served as an arbitrator in the Cook County Arbitration Program.

*     *     *

**MELANIE NELSON** is a partner at Siprut PC. Her practice includes a wide array of commercial disputes, with an emphasis on personal injury and consumer class actions. Ms. Nelson is a seasoned trial attorney, having handled nearly 30 jury trials -- 10 as first-chair. Throughout her career, she has represented diverse clients, from Fortune 500 companies to individuals.

Before joining Siprut PC, Ms. Nelson served as Assistant Corporation Counsel for the City of Chicago Law Department, where she represented the City of Chicago in a broad range of cases including wrongful death, civil rights, medical malpractice and personal injury claims. Prior to government service, Ms. Nelson practiced at prominent national litigation firms, focusing primarily on antitrust litigation and commercial business disputes.

Ms. Nelson has successfully argued a habeas corpus petition before the Seventh Circuit Court of Appeals and has significant experience representing domestic violence victims in obtaining orders of protection and asylum.

Ms. Nelson graduated from the University of Chicago Law School, with honors, and served on the Executive Board of the University of Chicago Legal Forum. She earned her undergraduate degree at the University of Michigan, with honors and distinction. Ms. Nelson is admitted to practice in Illinois, the Northern District of Illinois and the Seventh Circuit Court of Appeals.

*     *     *

**GREGG BARBAKOFF** is an attorney at Siprut PC. His practice encompasses a wide spectrum of litigation with an emphasis on commercial litigation and consumer class actions. Gregg serves on the Board of Directors for the American Constitution Society, a progressive legal organization dedicated to the core Constitutional values of civil liberties, open access to justice, and the rule of law.

Gregg is a graduate of the Chicago-Kent College of Law, where he served as an editor of the Seventh Circuit Review, in which he was also published. During law school, he was selected as a Member of the Chicago-Kent Moot Court Honor Society, where he won the award for Best Overall Oralist at the Appellate Lawyers Association Moot Court Competition. Gregg was selected for the Class of 1976 Honors Scholarship while attending Chicago-Kent. Gregg graduated from Chicago-Kent *magna cum laude*, and was recently inducted into the Order of the Coif. Gregg is admitted to practice in Illinois and in the United States District Court for the Northern District of Illinois.

*     *     *



**MATTHEW SAVIN** is an attorney at Siprut PC. His practice includes a broad range of civil litigation, with an emphasis on commercial litigation and consumer class actions. Matthew graduated with honors from Chicago-Kent College of Law, where he served as staff editor for the Seventh Circuit Review and received the Baum Fellowship for his work in public interest law. Matthew is admitted to practice in the State of Illinois and the United States District Court for the Northern District of Illinois.

\*       \*       \*

**GREG JONES** is an attorney at Siprut PC. His practice focuses on business litigation, with an emphasis on business torts and consumer fraud issues. Greg is a graduate of Northwestern University and Loyola University Chicago School of Law. At Loyola, Greg served as a Copy Editor and Symposium Editor for the Consumer Law Review. In addition, Greg was a fellow with the Institute for Consumer Antitrust Studies and served a legal internship with Magistrate Judge Michael Mason in the Northern District of Illinois.

\*       \*       \*

**ISMAEL SALAM** is an attorney at Siprut PC. His practice is focused principally on class action litigation, with an emphasis on consumer protection, data privacy and technology issues, and litigation under the Telephone Consumer Protection Act. Ismael is a graduate of Loyola University Chicago School of Law, where he served as Managing Editor of the Public Interest Law Reporter, in which he is also published. He also served as a junior member of the Loyola Law Journal, the law school's main publication. During law school, he was selected as a Student Fellow for Loyola's Institute for Consumer Antitrust Studies, where he drafted papers on price-fixing. He was also awarded the CALI for the highest grade in his Law and Economics course.

Prior to Siprut PC, Ismael interned with the U.S. Army Judicial Advocate General's Corps at Fort Carson, Colorado, U.S. Attorney's Office for the Northern District of Illinois, U.S. Court of Appeals for the Seventh Circuit, and U.S. District Court for the Northern District of Illinois.

\*       \*       \*

**BRANDON CAVANAUGH** is an attorney *(Illinois Bar Application Pending)* at Siprut PC. His practice includes a wide variety of complex civil litigation, with an emphasis on consumer class action prosecution. He graduated from Loyola-Chicago's School of Law where he was a fellow with the Institute for Consumer Antitrust Studies and an editor for Loyola's Consumer Law Review. During law school, Brandon also served as an extern to the Honorable Joan Humphrey Lefkow of the Northern District Court of Illinois, and earned a CALI Award in Advanced Business Organizations.

\*       \*       \*



**TODD C. ATKINS** is Of Counsel at Siprut PC, and heads the Firm's California office. His litigation practice encompasses class actions, real estate and securities matters – representing both brokers and plaintiffs. Todd is also a trained and experienced mediator, and received his certification from the National Conflict Resolution Center.

Todd is a graduate of the University of San Diego, School of Law. He is admitted to practice in California, the District of Columbia, and the United States District Court for the Southern District of California, and is also a licensed real estate broker

\*       \*       \*

**ALEXANDER SHAPOVAL** is Of Counsel at Siprut PC, and heads the Firm's Boston office. His practice encompasses all manner of civil litigation, including class actions and personal injury litigation. Alexander is an experienced trial lawyer, with substantial first-chair jury trial experience.

Alexander is a graduate of the Massachusetts School of Law. He is admitted to practice in Massachusetts and the United States District Court for the District of Massachusetts.

4821-5129-8057, v.  1