# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELIZABETH CHRISTENSEN on behalf of herself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Case No. 1:13-cv-11357-GAO |
| v. | ) Hon. George A. O'Toole, Jr. |
| SUR LA TABLE, INC., | ) |
| Defendant. | ) |

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND PROVISIONAL CLASS CERTIFICATION

On May 27, 2014, the Court heard plaintiff Elizabeth Christensen's motion for preliminary approval of class settlement and provisional class certification under Rule 23 of the Federal Rules of Civil Procedure. The Court reviewed the motion, including the Settlement Agreement and Release ("Settlement Agreement").[1] Based on this review and the findings below, the Court found good cause to grant the motion.

**FINDINGS:**

1. The Settlement Agreement is fair, reasonable, and adequate;

2. The Notice Postcard, Notice, Publication Notice, and Claim Form (appended to the Settlement Agreement) comply with due process because the notices and forms are reasonably calculated to adequately apprise Class Members of (a) the pending lawsuit, (b) the proposed Settlement, and (c) their rights, including the right to either participate in the Settlement, exclude themselves from the Settlement, or object to the Settlement;

3. The Class is so numerous that joinder of all Class Members is impracticable;

---

[1] This Order incorporates by reference the definition of any capitalized terms as set forth in the Settlement Agreement except as otherwise defined herein.

4.      Plaintiff's claim is typical of the Class's claim;

5.      There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class Members; and

6.      Class Certification is superior to other available methods for the fair and efficient adjudication of the controversy.

**IT IS ORDERED THAT:**

1.      **Settlement Approval.** The Settlement Agreement, and the Notice Postcard, Notice, Publication Notice, and Claim Form, appended to the Settlement Agreement as Exhibits B – E, are preliminarily approved.

2.      **Provision of Class Notice.** Class Action Administration, Inc. (the "Claims Administrator") is approved to act as Class Administrator and will notify Class Members of the Settlement in the manner specified under paragraph 3.3 of the Settlement Agreement.

3.      **Claim for Vouchers.** Class Members who want to receive a Voucher under the Settlement Agreement must accurately complete and deliver a Claim Form to the address listed in the Claim Form no later than Wednesday, September 24, 2014. The delivery date is deemed to be the date the Claim Form is deposited in the U.S. Mail as evidenced by the postmark, and if no such date can be discerned, the date five (5) days prior to the date the Claim Form is received by the Claims Administrator will control.

4.      **Objection to Settlement.** Class Members who have not submitted a timely written Exclusion Request pursuant to paragraph 6 below and who want to object to the Settlement Agreement must deliver written objections to Class Counsel and Sur La Table Inc.'s Counsel, and must file such objections with the Court, no later than Monday, August 25, 2014. The delivery date is deemed to be the date the objection is deposited in the U.S. Mail as

The delivery date is deemed to be the date the objection is deposited in the U.S. Mail as evidenced by the postmark, and if no such date can be discerned, the date the objection is received by the Court will control. The objection must include: (a) the name and case number of the Action, "*Christensen v. Sur La Table, Inc.*, Case No. 1:13-cv-11357-GAO"; (b) the full name, address, and telephone number of the person objecting; (c) a statement of each objection; and (d) a written brief detailing the specific reasons for each objection, including any legal and factual support for each objection, and providing any evidence in support of each objection. Any Class Member who files and serves a written objection, as described in this paragraph, may appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the Settlement Agreement; provided, however, that Class Members, or their attorneys, intending to make an appearance at the Fairness Hearing must also deliver to Class Counsel and Sur La Table, Inc.'s Counsel, and file with the Court, no later than Monday, August 25, 2014, a Notice of Intention to Appear. Only Class Members who file and serve timely Notices of Intention to Appear may speak at the Fairness Hearing. The objection will not be valid if it only objects to the lawsuit's appropriateness or merits.

5. **Failure to Object to Settlement.** Class Members who fail to object to the Settlement Agreement in the manner specified above will: (a) be deemed to have waived their right to object to the Settlement Agreement; (b) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement; and (c) not be entitled to speak at the Fairness Hearing.

6. **Requesting Exclusion**. Class Members who want to be excluded from the Settlement must send a letter or postcard to the address listed in the Notice stating: (a) the name and case number of the Action, "*Christensen v. Sur La Table Inc.*, Case No. 1:13-cv-11357-

GAO"; (b) the full name, address, and telephone number of the person requesting exclusion; and (c) a statement that he or she does not wish to participate in the Settlement, postmarked no later than Monday, August 25, 2014. No person shall purport to exercise any exclusion rights of any other person, or purport to exclude other Class Members as a group, aggregate, or class involving more than one Class Member, or as an agent or representative; any such purported exclusion shall be void, and the Class Member(s) that are the subject of the purported exclusion shall be treated as part of the Class for all purposes.

7. **Provisional Certification.** The Class is provisionally certified as a class of all persons with an address in the United States who, between June 6, 2009, and the date of entry of this Preliminary Approval Order, used a credit card to make a purchase at a Massachusetts Sur La Table, Inc. Store and whose Personal Identification Information, including, but not limited to, a Zip Code, was provided to and recorded by Sur La Table, Inc. during the transaction.

8. **Appointment of Class Representative and Class Counsel.** Plaintiff Elizabeth Christensen is certified as the class representative to implement the Parties' Settlement in accordance with the Settlement Agreement. The law firm of Siprut P.C., through Joseph Siprut, Esq., is appointed as Class Counsel. Plaintiff and Siprut P.C. must fairly and adequately protect the Class's interests.

9. **Termination.** If the Settlement Agreement terminates for any reason, the following will occur: (a) the Preliminary Approval Order and all of its provisions will be vacated, including, but not limited to, vacating conditional certification of the Class, conditional appointment of Plaintiff as class representative, and conditional appointment of Plaintiff's Counsel as Class Counsel, and this Order will not waive or otherwise impact the Parties' rights or arguments in any respect; and (b) this Action will revert to its previous status in all respects as

it existed immediately before the Parties executed the Settlement Agreement. No term or draft of this Settlement Agreement, or any part of the Parties' settlement discussions, negotiations, or documentation will have any effect or be admissible in evidence for any purpose in the Action or any other proceeding.

10.  **No Admissions.** Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.

11.  **Stay of Dates and Deadlines.** All discovery, and all pretrial proceedings and deadlines, are stayed and suspended until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

12.  **Fairness Hearing.** On October 16, 2014, the Court will hold a Fairness Hearing to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate. All papers supporting Plaintiff's request for attorneys' fees and costs must be filed no later than Monday, August 11, 2014. All other papers supporting Final Approval of the Settlement Agreement must be filed no later than seven (7) days before the Fairness Hearing. This Court may order the Fairness Hearing to be postponed, adjourned, or continued. If that occurs, neither Sur La Table, Inc. nor the Claims Administrator will be required to provide additional notice to Class Members.

DATED: 6/4/14

Hon. George A. O'Toole, Jr.
United States District Court Judge