UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-11357-GAO

ELIZABETH CHRISTENSEN on behalf of herself and all others similarly situated,
Plaintiff,

v.

SUR LA TABLE, INC.,
Defendant.

## FINAL ORDER APPROVING CLASS ACTION SETTLEMENT
October 17, 2014

O'TOOLE, J.D.

On October 16, 2014, the Court heard plaintiff Elizabeth Christensen's ("Plaintiff") Motion for Final Approval of Proposed Class Settlement (dkt. no. 34) and Plaintiff's Motion for Attorneys' Fees, Costs, Expenses and Incentive Fees (dkt. no. 33). The Court reviewed the motion and the supporting papers, including, the Settlement Agreement and Release ("Settlement Agreement"). No objections were received. The Court also considered the oral argument of counsel. Based on this review and the findings below, the Court found good cause to grant the motion.

**FINDINGS:**

1. The Settlement Agreement is fair, reasonable, and adequate. The Settlement Agreement was negotiated at arms' length, in good faith, by capable and experienced counsel, with full knowledge of the facts, the law and the risks inherent in litigating the Action, and with the active involvement of the Parties. Moreover, the Settlement confers economic benefits on the Class Members, is not contrary to the public interest, and will provide the Parties with repose from litigation.

2. The Parties adequately performed their obligations under the Settlement Agreement.

3. Class Action Administration, Inc. (the "Claims Administrator") provided notice to Class Members in compliance with paragraph 3.3 of the Settlement Agreement, due process and Rule 23 of the Federal Rules of Civil Procedure. The notice: (a) fully and accurately informed Class Members about the lawsuit and Settlement; (b) provided sufficient information so that Class Members were able to decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the proposed Settlement; (c) provided procedures for Class Members to file written objections to the proposed Settlement, to appear at the Fairness Hearing, and to state objections to the proposed Settlement; and (d) provided the time, date, and place of the Fairness Hearing.

4. As set forth in the separate order granting Named Plaintiff's and Class Counsel's motion for attorneys' fees and costs, an award of **$100,000** in attorneys' fees and costs to Class Counsel is fair and reasonable in light of the nature of this case, Class Counsel's experience and efforts in prosecuting this Action, and the benefits obtained for the Class.

5. An incentive award to Plaintiff Elizabeth Christensen of **$1,500** is fair and reasonable in light of (a) Plaintiff's risks in commencing this Action as the Class Representative; (b) the time and effort spent by Plaintiff in litigating this action as the Class Representative; and (c) Plaintiff's public interest service.

**IT IS ORDERED THAT:**

6. **Class Members.** The Class Members are defined as:

   All persons with an address in the United States who, between June, 6, 2009, and the date of entry of the Preliminary Approval Order, used a credit card to make a purchase at a Massachusetts Sur La Table, Inc. store and whose personal identification information, including, but not limited to, a Zip code, was provided to and recorded by Sur La Table, Inc. during the transaction.

7. **Binding Effect of Order.** This order applies to all claims or causes of action settled under the Settlement Agreement, and binds Plaintiff and all Class Members, including those who did not properly request exclusion under paragraph 6 of the Order Granting Preliminary Approval of Class Settlement and Provisional Class Certification. This order does not bind persons who filed a timely and valid Exclusion Request. Attached hereto as Exhibit A is a list of persons who properly requested to be excluded from the Settlement.

8. **Release**. Plaintiff and all Class Members who did not properly request exclusion are: (1) deemed to have released and discharged Sur La Table, Inc. from all claims arising out of or asserted in this Action and all claims released under the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims. The full terms of the release described in this paragraph are set forth in paragraphs 4.2 and 4.3 of the Settlement Agreement and are specifically approved and incorporated herein by this reference (the "Release").

9. **Class Relief.** The Claims Administrator will mail a single Voucher to each Class Member who submitted a valid and timely Claim Form as provided in the Settlement

3

Agreement pursuant to the timeline stated in paragraph 3.15 of the Settlement Agreement.

10. **Appointment of Class Representative and Class Counsel**. As previously appointed, Plaintiff Elizabeth Christensen is certified as the class representative to implement the Parties' Settlement in accordance with the Settlement Agreement. As previously appointed, the law firm of Siprut P.C., through Joseph Siprut, Esq., is Class Counsel. Plaintiff and Siprut P.C. must fairly and adequately protect the Class's interests.

11. **Attorney's Fees and Costs**. Class Counsel is awarded **$100,000** in fees and costs. Payment shall be made pursuant to the timeline stated in paragraph 2.4 of the Settlement Agreement.

12. **Incentive Award**. Plaintiff Elizabeth Christensen is awarded **$1,500** as an incentive award. Payment shall be made pursuant to the timeline stated in paragraph 2.5 of the Settlement Agreement.

13. **Dismissal with Prejudice**. The Court hereby dismisses the Action in its entirety with prejudice, and without fees or costs except as otherwise provided for herein.

14. **Termination**. If the Final Settlement Date does not occur for any reason, the following will occur: (a) the Final Order and Judgment and all of their provisions, will be vacated by their own terms, including, but not limited to, vacating certification of the Class, appointment of Plaintiff as class representative, appointment of Plaintiff's Counsel as Class Counsel, the Class Counsel Award, and the Plaintiff's

Incentive Award, and the Final Order and Judgment will not waive or otherwise impact the Parties' rights or arguments in any respect; and (b) the Action will revert to the status that existed before the Settlement Agreement's execution date. No term or draft of this Settlement Agreement, or any part of the Parties' settlement discussions, negotiations, or documentation will have any effect or be admissible in evidence for any purpose in the Action or any other proceeding.

15. **Court's Jurisdiction**. Pursuant to the Parties' request, the Court will retain jurisdiction over this Action and the Parties until final performance of the Settlement Agreement.

16. **Entry of Judgment**. The Clerk of Court is hereby directed to enter as a separate document on the docket the accompanying Judgment.

/s/ George A. O'Toole, Jr.
Untied States District Court Judge

# EXHIBIT A



# CLASS ACTION
ADMINISTRATION

## Christensen v. Sur La Table
*List of Opt Outs*

| Claim Form ID | Date Rcvd | Name |
|---|---|---|
| 900001 | 7/18/2014 | EMAN BAKHURJI |
| 900002 | 8/12/2014 | RITA PREMANIE FERNANDO |

**Opt Outs: 2**